ADAMS v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

In Banc, March 16, 1897.*

1. **Damages:** CONSTITUTION: RAILROAD: FIRE: SEC. 2615, R. S. 1889. Section 2615, Revised Statutes 1889, which says that "a railroad corporation owning or operating a railroad in this State shall be responsible in damages to every person and corporation whose property is injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the road owned or operated by such railroad corporation," is not in violation of the Constitution of the United States nor of the Constitution of Missouri, nor does such statute impair the obligation of the contract theretofore existing between the State of Missouri and the St. Louis & San Francisco Railway Company, for the reasons given in *Matthews v. St. Louis & San Francisco Railway Co.*, 121 Mo. 298.

2. **Damages:** RAILROAD: FIRE: INSURANCE. If fire from an engine of a railroad destroys plaintiff's nursery stock, defendant is liable for the damage, and is not excused from paying the same under the plea that such stock is not insurable, when such plea is claimed under section 2615, Revised Statutes 1889.

3. **Damages:** RAILROAD: FIRE: PLEADING: PRACTICE. In this case, which is based on section 2615, Revised Statutes 1889, the plaintiff did not charge the railroad company of negligence. The defendant assumed that said statute was only *prima facie* evidence of its negligence, but the opinion does not so hold.

4. **Damages:** PARTIES: RENTER: EVIDENCE: NURSERY STOCK. The evidence showed that the plaintiff was not the owner of the land where the nursery stock was planted, but the lessee, with an agreement with the landlord that he could remove the stock at will. *Held*, that such stock was not realty, *and* that the lessee was the proper plaintiff.

* NOTE.—The decision in this case was reached on February 26, 1895, but another case embodying the same propositions of law having been appealed to the United States Supreme Court, the opinion herein was withheld until a final determination of that case, and was handed down finally on March 16, 1897.—THE REPORTER.

*Appeal from Laclede Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*Edward D. Kenna, L. F. Parker,* and *H. S. Abbott* for appellant.

Defendant, for a reversal, relies upon the following points: (1) Section 2615 (the act approved March 31, 1887) of the Revised Statutes of 1889 is unconstitutional, because: *First.* It impairs the obligation of the contract contained in defendant's charter. R. S. 1889, sec. 2543; *Fletcher v. Peck,* 6 Cranch, 87; *Dartmouth College v. Woodward,* 4 Wheat. 518; *U. S. v. Quincy,* 4 Wall. 535; *Greene v. Biddle,* 8 Wheat. 92; *Planters' Bank v. Sharp,* 6 How. 327; *Commissioners v. Transfer Co.,* 107 Pa. St. 112; *Railroad v. Railroad,* 60 Md. 263; *Bank v. Hamilton,* 21 Ill. 53; *Payne v. Baldwin,* 3 S. & M. 661; *Edwards v. Kersey,* 96 U. S. 607; *Howard v. Bugbin,* 24 How. 461; *Meriwether v. Garrett,* 102 U. S. 472; *Bronson v. Kinsey,* 1 How. 311; *McCracken v. Hayward,* 2 How. 608; *Louisiana v. New Orleans,* 102 U. S. 203; *Gas Company v. Gas Company,* 115 U. S. 668; *Waterworks Company v. Rivers,* 115 U. S. 82; *People v. Jackson Road Co.,* 9 Mich. 285; *Sloan v. Railroad,* 61 Mo. 24; *Smith v. Railroad,* 37 Mo. 295; Wharton on Negligence, sec. 668; *Burroughs v. Railroad,* 15 Conn. 128; *Mosher v. Railroad,* 8 Barb. 477; *Rood v. Railroad,* 18 Barb. 37; *Bank v. Knoop,* 16 How. 369; *Dodge v. Wheeler,* 18 How. 331; *Thomas v. Railroad,* 101 U. S. 71; *Railroad v. Riche,* Law Reports, 7 H. L. 653; *Bull v. Railroad,* 5 Harr. (Del.) 401; *Lake View v. Rose Hill Cemetery,* 70 Ill. 196; *Railroad v. Lackey,* 78 Ill. 57; *Thorp v. Railroad,* 27 Vt. 143; *Bronson v. Meyer,* 10 Barb. 223; *Small v. Railroad,* 51 Iowa,

346; Cooley, Const. Lim. [5 Ed.] 337; *Trustees v. Indiana*, 14 How. 268; *Scotland Company v. Railroad*, 65 Mo. 135; *State ex rel. Haeussler v. Greer*, 78 Mo. 188. *Second.* It denies defendant the equal protection of the laws. *State v. Hays*, 81 Mo. 586; *Railroad v. Moss*, 60 Miss. 641; *Slaughter House* cases, 16 Wall. 336; *Railroad tax* case, 13 Fed. Rep. 722; *Santa Clara County v. Railroad*, 119 U. S. 394. *Third.* It takes defendant's property without due process of law. *Railroad v. Lackey*, 78 Ill. 57; *Small v. Railroad*, 51 Iowa, 340; *Zeigler v. Railroad*, 58 Ala. 594; *Miller v. Martin*, 16 Mo. 508; *Khale v. Hobin*, 30 Mo. App. 476; *Catron v. Nichols*, 81 Mo. 82; *Walley's Heirs*, 2 Yerg. 554. (2) Said section, if valid, only makes the fact of the injury *prima facie* evidence of negligence. *Small v. Railroad, supra; Dill v. Railroad*, 32 A. & E. R. R. Cas. 824; *Khale v. Hobin, supra; Catron v. Nichols, supra.* (3) Said section does not authorize damages for property upon which plaintiff could not have obtained insurance. *Chapman v. Railroad*, 37 Me. 92. (4) Because the evidence shows that plaintiff was not the owner of the property destroyed.

*J. P. Nixon* for respondent.

(1) Section 2615 (Acts 1887), Revised Statutes of 1889, is constitutional. *First.* It is a proper exercise of the police powers inherent in the States. Moreover, section 5, article 12, Constitution of Missouri, enacts: " The exercise of the police power of the State shall never be abridged or so construed as to permit corporations to conduct their business in such a manner as to infringe the equal rights of individuals or the general well being of the State." The defendant corporation having been incorporated subsequent to the adoption of this Constitution, and under general laws,

this provision of the Constitution became a part of its charter and it is subject to legislative regulations.  By section 2615, Revised Statutes, the legislature did undertake to exercise, and did exercise, the identical power reserved to it over corporations in the above constitutional provision; it did undertake to prescribe how corporations should conduct their business so as not "to infringe the equal rights of individuals" and did prescribe their liability in case of such infringement. *Second.* Section 2615 is a police power.  It undertakes to define the mode and manner in which railroad corporations may use their property so as not to injure others.  *Commonwealth v. Alger,* 7 Cush. 84; *Commonwealth v. Tewksbury,* 11 Met. 54; *Hart v. Mayer, etc.,* 9 Wend. 571; *Railroad v. Tilton,* 12 Ind. 3; *Railroad v. Kercheval,* 16 Ind. 84; *Railroad v. McClelland,* 25 Ill. 140; *People v. Draper,* 25 Barb. 374; *Baltimore v. State,* 15 Md. 390; *Police Commissioners v. Louisville,* 3 Bush. 597; *Wynehamer v. People,* 13 N. Y. 402; *Thorpe v. Railroad,* 27 Vt. 140; *Hegemen v. Railroad,* 16 Barb. 353; *College v. Woodward,* 4 Wheat. 518–629; *Railroad v. Hames,* 115 U. S. 512; Cooley's Constitutional Limitations [3 Ed.], secs. 575, 576; Broom's Legal Maxims [5 Am. Ed.], p. 327; *Railroad v. Richardson,* 91 U. S. 474; *Lyman v. Railroad,* 4 Cush. 288; *Railroad v. Briggs,* 2 Zab. 623; *Trice v. Railroad,* 49 Mo. App. 438; *Barnett v. Railroad,* 68 Mo. App. 62.  (2) Said section creates a liability and is not a rule of evidence as to negligence.  *First.* Plaintiff Adams had as much right to carry on his nursery business as the defendant had to run its locomotive engines.  The legislature has constitutional power to protect the rights of citizens along lines of railroads.  Whether fire was caused by negligence or not, it simply enacted into a law the old legal maxim: "Where one of two innocent parties must suffer, that one must be the sufferer that gives

occasion to the commission of the wrong." *Bank v. Armstrong*, 62 Mo. 59–67; *Whitteman v. Obear*, 58 Mo. 280–286; *Thorpe v. Railroad*, 27 Vt. 149; Broom's Legal Maxims [5 Am. Ed.], p. 327; *Pixley v. Clark*, 35 N. Y. 520. It was competent for the legislature to declare that the escape of fire from a locomotive engine is conclusive evidence of negligence; that in the present stage of mechanical invention and construction of engines, with skillful management and proper care of right of way, no fires will escape into adjoining properties. *Second.* Prior to act of 1887, the law was already well established that proof of fact that damage was caused by fire from a locomotive engine was *prima facie* evidence of negligence. *Bradford v. Railroad*, 46 Mo. 456; *Miller v. Railroad*, 90 Mo. 390. It would be a useless and senseless thing to enact section 2615 if it was already a law. *Third.* By no canon of construction can section 2615 be made a rule of evidence. It creates a right of property—"it is thus written" on the face of the law and the condition of the law at that time reveals the intention of the legislature to make railroad companies unconditionally liable for all fires communicated by their engines. *Fourth.* It is a remedial statute and should be liberally construed. *Railroad v. Richardson*, 91 U. S. 454. (3) *First.* It was wholly immaterial whether nursery trees could have been insured. *Railroad v. Richardson*, 91 U. S. 474. *Second.* There is no evidence in this case that property could not have been insured. See appellant's abstract of record, in which no such evidence is shown, and at trial none was produced. *Third.* No instructions were asked by appellant on this question at trial, and no exceptions on this point, and this question can not surely be tried for the first time in Supreme Court without evidence, instructions, or exceptions. (4) The evidence proves that plaintiff Adams owned the nurs-

ery at the time of its destruction, that he planted it, it went by his name and he controlled, managed, and was in possession of it.    *State ex rel. Robertson v. Hope*, 88 Mo. 430; *Miller v. Marks*, 20 Mo. App. 369; *Phillips v. Marks*, 21 Mo. App. 38.

IN DIVISION TWO.

BURGESS, J.—This is an action brought by plaintiff for damages caused by the destruction by fire of nursery stock, the property of plaintiff, alleged to have been set out by an engine or engines of, or operated by, defendant upon its railroad.

The petition contains two counts for injuries to the property, occasioned at different times, the causes of action being bottomed upon the provisions of sections 1 and 2, of an act of the General Assembly of the State of Missouri, entitled "An act to establish the responsibility of railroad corporations, companies and persons owning or operating railroads, for damages by fires communicated by locomotive engines." Approved March 31, 1887, R. S. 1889, sec. 2615.

The petition alleges that the defendant was a railroad corporation and owned and operated a railway through Laclede county, Missouri, in March and April, 1888; that at that date it operated and ran a locomotive engine and did "scatter coals, sparks, and brands of fire from the locomotive engines along the right of way of defendant" setting out a fire causing the damages alleged.

It does not allege any negligence on the part of defendant in operating its road, or in the management of its cars or locomotives.

The answer to both counts was a general denial, and as a further defense averred that the alleged causes of action as set out in the different counts in the peti-

tion were founded upon the act of the legislature afore-said which act "defendant avers is illegal, unconstitutional and void, in that it seeks to deprive the defendant of its property without due process of law, contrary to the provisions of section 30, of article 2, of the Constitution of the State of Missouri."

As a further defense to both counts, defendant averred that the alleged causes of action were founded upon the act of the legislature above named, which "is illegal, unconstitutional and void, in that it denies to the defendant the equal protection of the laws, contrary to the provisions of section 1, of article 14, of the amendments to the Constitution of the United States; and defendant further avers that said law is illegal, unconstitutional and void in this that it deprives the defendant of its property without due process of law, contrary to the provisions of article 5, of the amendments to the Constitution of the United States; and defendant further avers that said law is illegal, unconstitutional and void in that it impairs the obligations of a contract theretofore made between the State of Missouri and the defendant by the terms and provisions of which it was agreed that said defendant might and could use fire for the purpose of generating steam to propel locomotive engines and cars attached thereto, and be responsible only for the negligent or careless use thereof, and that it would so amend said agreement as to impair the rights of the defendant thereunder, and is contrary to the provisions of article 1, section 10, of the Constitution of the United States." For a further defense defendant alleged that the property described in the petition (nursery trees) was not capable of being insured, and therefore the act did not apply; that it was guilty of no negligence, either in the construction, repair, management, or operation of the engine that it was alleged set the fire, and charged con-

tributory negligence on part of the plaintiff.   The reply was a general denial of the new matter contained in the answer.

At the trial plaintiff introduced evidence tending to show that the fire was set by an engine on defendant's road; also evidence of the amount of damages sustained by him; no evidence was offered of any negligence on the ·part of defendant either as to the construction of the engine, its equipment with improved appliances, its operation at the time of the fire, or that defendant failed to provide proper and competent men to operate it.   The only ground of liability proven was the mere fact of the setting of the fire.

The trial resulted in a verdict and judgment for plaintiff in the sum of $400, from which defendant appealed.

The only points urged by defendant for a reversal of the judgment are:

*First.*   The unconstitutionality of the statute under which the action was brought.

*Second.*   Said act, if valid, only makes the fact of the injury *prima facie* evidence of negligence.

*Third.*   Said statute does not authorize damages for property upon which plaintiff could not have obtained insurance.

*Fourth.*   Because it is claimed that the evidence showed that plaintiff was not the owner of the property destroyed.

As to the first three propositions they were all decided adversely to the contention of defendant by this court in the case of *Matthews v. The St. Louis & San Francisco Railway Co.*, 121 Mo. 298, by an ,elaborate and exhaustive opinion by GANTT, J.,· concurred in by all of the members except SHERWOOD, J., in which all of the authorities were reviewed.   We have no reason to doubt the correctness of that opinion, nor

disposition to add anything thereto in confirmation of its correctness, or the reasons therein announced.

As to the contention that plaintiff was not the owner of the property damaged or destroyed, it is not borne out by the evidence, which showed that although the nursery stock was being grown upon land of which he was not the owner, but the lessee, he was, nevertheless, the owner of the stock, which was not a part of the realty, as it was planted with the understanding that it was to be removed at will by him whenever large enough for transplanting.

The judgment is affirmed. GANTT, J., concurs. SHERWOOD, J., not concurring.

IN BANC.

PER CURIAM.—The foregoing opinion of BURGESS, J., filed in division number 2, December 4, 1894, is adopted as the opinion of the court *in banc*.

