### D. M. OSBORNE & CO. v. BIRDSALL.

(Supreme Court, Appellate Division, Second Department.   January 11, 1901.)

SALES—WAIVER OF DEFECTS.

> A contract for the sale of a farm implement provided that if it could not be made to work well the purchaser should notify the local agent, and allow reasonable time to put it in order, and, if it could not then be made to do good work, it was to be returned at once. Failure to give notice or to return was to constitute an acceptance. The machine did not work well at first, notice was given to the agent, and a second trial was made in his presence, with no better success. Two months later, with the machine still in his possession, with no offer of returning it, the purchaser gave a note for the price. *Held* a waiver of defects then known to the purchaser.

Appeal from judgment on report of referee.

Action by D. M. Osborne & Co. against Frank G. Birdsall.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Darwin W. Esmond (Henry W. Chadeayne, on the brief), for appellant.

A. H. F. Seeger, for respondent.

WOODWARD, J.   The plaintiff is engaged in the manufacture and sale of farming implements and machines.   The defendant is a farmer, and had, for some years, been engaged incidentally as a selling agent for the plaintiff.   On the 22d day of October, 1897, he gave his promissory note to the plaintiff for the sum of $33, $8 of which has been paid, leaving a balance of $25, which is due and unpaid.   There is no controversy upon this note, and the defendant is willing to permit the judgment as to this note to stand.   On the 17th day of March, 1897, the parties entered into an agreement in writing, the form evidently being such as was commonly employed by the plaintiff in selling the machines to its agents, who were in turn expected to sell them to others at an advance.   In the present instance the machine involved was a corn harvester, at the agreed price of $100, which the defendant was not to sell at a less price than $125. The contract contained a warranty that "this implement is warranted to be well made, of good material, and, if properly set up and operated, to do good work."   It is then provided that "if, on starting it, it should occur that the purchaser cannot make it work well, he must immediately notify the local agent who sold it, or D. M. Osborne & Co., and allow reasonable time for some one to be sent to put it in order.   If it is not then made to do good work, it must be returned at once to said local agent at his place of business, and any payments made thereon will be refunded.   Failure to give notice or failure to return the implement as aforesaid will constitute an acceptance of the implement.   No variation of this warranty, oral or written, will be recognized by us."   The contract, of which this memorandum of warranty is a part, provides, in its last paragraph above the signatures of the parties, that "it is fully understood and agreed by both

parties that this contract contains the full agreement between them, and that no claim based on verbal agreements shall be set up or recognized by either party." The corn harvester was delivered to the defendant under this contract in July, 1897, and in the month of August in the same year it was set up and tried upon a neighboring farm. There seems to be no doubt of the fact that the machine, from some cause, did not work well, though the learned referee finds as a matter of fact that this was largely due to the fact that there was not sufficient power in the horses to draw the machine with proper speed and regularity. Notice was given of the failure of the machine to work properly, and subsequently a second trial was made in the presence of representatives of the plaintiff, with no better success. This second trial took place in the month of August, and on the 26th day of October, two months after the alleged failure on the part of the machine to work properly, and with the machine still in his possession, with no offer of returning the same as provided in the agreement, the defendant gave the note involved in the present controversy. He had not made the payment on the machine as provided in the contract, and the note in suit operated as an extension of the time of payment, the note falling due one year from date. The plaintiff brought its action to recover upon these two notes, and in answer the defendant set up as a defense that, although the last-mentioned note was made and delivered as alleged in the complaint, "at the time of making said note the plaintiff sold to the defendant a certain harvesting machine, known as and called the 'Corn Harvester,' and then and there warranted and agreed that said machine was suitable for and would cut, bind, and harvest the crops on the lands of the defendant perfectly, and would work all right, which lands were seen by plaintiff's agent—representative—who made the bargain in regard to such conditional sale, but that said machine, for the price of which said note was given, was not suitable for and would not cut, bind, and harvest the crops on the lands of defendant properly, and would not work all right, and would not do or perform the work which the plaintiff warranted it would do." There are some allegations of fraudulent representations, but the evidence before the learned referee, who was appointed by consent of the parties to hear the case, does not support the allegations, and the testimony does not accord with the averments of the answer, and the learned referee directed judgment in favor of the plaintiff for the amount of the note. This appeal is from the judgment thus entered.

We are of the opinion, reached by the learned referee, that the "giving and acceptance of the note was a waiver of the defects then known to the defendant," and, as there was no proof made or offered of any defects subsequently discovered, the defendant has failed to establish a defense. The authorities relied upon by the referee (Brown v. Foster, 108 N. Y. 387, 15 N. E. 608; Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707) abundantly sustain the position that the defendant, having accepted the machine, knowing the defects which had been demonstrated, must be deemed to have waived these objections when he gave the note in payment, and, there being no evidence of any other defects, the obligation of the defendant to pay his note

cannot be questioned. It is true, of course, that the learned referee did not specifically find an acceptance by the defendant; but his conduct, as shown by the evidence, is consistent with no other conclusion, and, if it were necessary, this court would be justified in presuming a finding of acceptance for the purpose of supporting the judgment. Wiles v. Provost, 6 App. Div. 1, 39 N. Y. Supp. 461. The burden of establishing an affirmative defense is upon the defendant, and this has not been done in the case at bar.

The judgment appealed from should be affirmed, with costs. All concur.