EASTON McFARLAND, Respondent, v. MISSOURI,
KANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1902.

1. **Railroads:** FIRE: LIABILITY OF RAILWAY COMPANY:
STATUTORY CONSTRUCTION. The statute imposing absolute
liability for fire set out by locomotives (R. S. 1899, sec. 1111) is
conceded to be valid.

2. ———: ———: ———. Defendant owned and operated a railroad
in this State, but permitted a Missouri company to use a portion
of the road conjointly with defendant. A fire was set out on plaintiff's farm by a locomotive of the latter company. Plaintiff sues
for the damages under the statute (R. S. 1899, sec. 1111) making
"each railroad corporation, owning or operating a railroad in this
State," responsible absolutely in damages to any one whose property
is injured by fire communicated by locomotives in use upon a railroad "owned or operated by such railroad corporation." It was
held that defendant was liable.

3. ———: ———: ———. The act imposing absolute liability for
fires set out by locomotives (R. S. 1899, sec. 1111) of a railroad company owning and operating a road is not limited by the law (R. S.
1899, sec. 1060) which gives authority to make running arrangements for joint use of a railroad and makes a domestic proprietor
liable if it allows a foreign corporation to use its road or part
thereof. Those acts do not alter the liability for fire of a company
owning and operating a railroad.

4. **Interpretation of Statutes.** Statutory terms are to be interpreted according to their natural and ordinary meaning and in such
a manner as to harmonize if possible with other parts of the written law.

5. ———: ———: MAXIMS. The maxim *expressio unius est exclusio alterius* should be applied only where it appears to point to the
legislative intent.

McFarland v. M., K. & T. Ry. Co.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*George P. B. Jackson* for appellant.

(1) The statute relied upon (sec. 1111, R. S. 1899) imposes a liability, without regard to negligence, against "each railroad corporation owning or operating a railroad in this State," for damages occasioned "by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation." This statute makes each company liable for damages caused by it. (2) The statute makes the railroad company using engines on a road operated by it an insurer of property destroyed by fire set out by it. Ins. Co. v. Railroad, 74 Mo. App. 106; Ordelheide v. Railroad, 80 Mo. App. 507; Walker v. Railroad, 68 Mo. App. 465. (3) Section 1060, Revised Statutes 1899 (sec. 2568, R. S. 1889), authorizes one railroad company to contract with another, for leasing the whole or part of its road, or licensing or permitting another company, under a running arrangement to run engines and cars upon its road —making the owning company liable as if it operated the road itself when the contract is with a corporation of another State —but not imposing such liability when the contract is with a corporation of this State. Brown v. Railroad, 27 Mo. App. 400; Mahoney v. Railroad, 63 Me. 68; Railroad v. Fridell, 79 Ga. 489. "The lessor of a railroad is not liable for the negligence or torts of the lessee." Miller v. Railroad, 125 N. Y. 123; 2 Wood on Railways, sec. 325, p. 1338; Hoff v. Railroad, 14 Fed. 558. (4) So distinct are two railway companies under such conditions, that the servants of one company are not fellow-servants with those of the other com-

pany.  Nugent v. Railroad, 80 Me. 62; Merrill v. Railroad, 54 Vt. 200; Railroad v. Carroll, 6 Heisk. 347; Farrell v. Railroad, 4 Metcf. 61; Snow v. Railroad, 8 Allen 441; Carroll v. Railroad, 13 Minn. 30; Railroad v. Armstrong, 49 Pa. St. 186; Smith v. Railroad, 1 Pearson (Pa.) 243; Smith v. Railroad, 6 Duer 225; Smith v. Railroad, 85 Mo. 418; Crity v. Railroad, 3 Thompson & C. (N. Y.) 244.   (5)   Each company, under such circumstances, is liable for injuries to its own passengers occasioned by the other company, but not for such injuries to employees and others.   McElroy v. Railroad, 4 Cush. 400; Barron v. Railroad, 5 Wall. 90; Railroad v. Culberson, 72 Texas 375; Railroad v. Watts, 63 Texas 549; Nelson v. Railroad, 26 Vt. 717; Abbott v. Railroad, 80 N. Y. 27; Railroad v. Whipple, 22 Ill. 105; Railroad v. Dunbar, 20 Ill. 623; Railroad v. McCarthy, 20 Ill. 385; Ayles v. Railroad, L. R. 3 Exch. 146.

*R. B. Bristow* for respondent.

(1)   Section 1060, Revised Statutes 1899, is the same (on the subject of one railroad leasing to another) as section 790, Revised Statutes 1879, while section 1111 was first enacted in 1887, and if the two statutes can not stand together, then the subsequently-enacted statute must prevail, as by implication repealing the former statute; but respondent contends that the statutes are consistent and both may stand together.   Section 1111 is limited to fire damages, while section 1060 is general in its provisions, and makes the lessor liable for all damages committed by a foreign railroad operating trains on a domestic railroad (being the lessor).   The appellant, in its answer, sets up a contract with the Wabash railroad, wherein the Wabash contracts to pay all damages occasioned by its train service over defendant's road, but this does not relieve the defendant for liability, if force and effect is given to section 1111, but does give the lessor a right of action

McFarland v. M., K. & T. Ry. Co.

against the lessee under the contract. (2) In discussing the question of the validity, of a contract between the lessor and lessee to indemnify lessor against liability under section 1111 (section 2615, R. S. 1889) for damages committed by the lessee railroad, the Kansas City Court of Appeals, in case of Walker Bros. v. Railroad, in 68 Mo. App. 471, and following, say: "Assuming, however, the validity of this stipulation in the contract entered into between Wolfe & Company and the defendant railway company, to the effect that the company should not be held to pay Wolfe & Company for any losses by fire communicated by passing locomotives, I yet fail to understand how plaintiff can be bound thereby or precluded from the recovery of such losses as they may sustain. Plaintiffs are entire strangers to any such contract. They were not even privies in any sense of the word."

BARCLAY, J.—This action is brought to recover for damages caused by fire charged to have been communicated to plaintiff's farm property by a locomotive engine in use upon the railroad owned by defendant.

The petition set forth the particulars of the injury to plaintiff's property in the destruction of fifty tons of hay, some rails, posts and meadow sod. It alleged the cause to be fire, permitted to escape, in October, 1899, from a locomotive engine in use upon the railroad owned and operated by defendant between the cities of Hannibal and Moberly, Missouri.

The defense is, in substance, that the fire which did the damage was set out by sparks from one of the engines of a Missouri corporation, the Wabash Railroad Company, which then operated engines and trains over that part of defendant's railroad above described, by virtue of a contract in the nature of a lease between defendant and the Wabash company. Said contract was in force at the time of the fire. It provided for the concurrent use of the railroad between Moberly and Hannibal by the two companies. Each company, however, had

sole control of its own engines, trains and train employees, except that the movements of trains and of other rolling stock were directed by one train dispatcher to avoid collisions.

The trial court sustained a general demurrer to the answer. Defendant declined to plead further. On a hearing of the facts stated in the petition (of which we have given merely the outline) there was a judgment for plaintiff for $387.50.

We have omitted many of the particulars of the pleadings concerning which no controversy is raised. The vital issue is whether the fact that the fire originated from a Wabash engine constitutes a defense to the action. It is granted that defendant owned the railroad where the engine ran, and near which the fire occurred, and that defendant operated the railroad there conjointly with the Wabash company. These facts, it is claimed, avoid the liability which otherwise would clearly rest upon defendant.

1. The action is founded on section 1111 (R. S. 1899). No constitutional question touching the validity of that statute was mooted in the trial court. It is accepted as valid in view of the decisions on that subject. Mathews v. Railroad, 121 Mo. 298; Campbell v. Railroad, 121 Mo. 340; St. L. & S. F. R'y Co. v. Mathews, 165 U. S. 1; Adams v. Railroad, 138 Mo. 242.

2. The chief point involved in this appeal is whether defendant is liable under the statute cited, assuming that the fire was communicated to plaintiff's property by the Wabash engine, operated exclusively by the Wabash Railroad Company. We hold that it is.

The language of a statute is to be interpreted according to the natural and ordinary meaning of its terms.

The learned counsel for defendant has submitted a most ingenious and scholarly argument designed to show that the true intent of the enactment requires the courts to place the burden of liability on the company whose engine actually

gives forth the sparks, and to exonerate the company which merely owns the railroad and operates it without contributing to the damage complained of. We have not been convinced by the argument. The statute, we consider, was designed to hold the defendant liable for such a fire as that here in question. The fact that defendant made the contract by which the Wabash company acquired the right to operate the same piece of railroad property under the authority of section 1060 (R. S. 1899) did not have the effect to change the relation of the defendant to that property as the owner thereof, within the meaning of section 1111.

The statute under review (we mean, of course, section 1111) is undoubtedly to be read with such an interpretation as will keep it in harmony with section 1060, according to the general canon of construction which ordains that courts shall, if possible, sustain all parts of the written law where that may be done without violence to any one part thereof. But a statutory authority to permit another company to use part of a railway in common with the owner does not imply an intent to relieve the owner of the responsibility arising from ownership by the terms of section 1111. If any such purpose had been contemplated we do not doubt that it would have been expressed in very different language from that found in those two sections.

Section 1060 does, indeed, provide that a home corporation entering into "any running arrangement" (such as the contract in view here) with a foreign company shall remain liable as if it operated the railroad itself, and it further provides that a foreign corporation, running its engines upon a railroad in this State under such a contract, shall likewise be held liable for the violation of any of the laws of this State and may sue and be sued "for the same causes and in the same manner as a corporation of this State might sue or be sued if operating its own road," but those features of the statute seem intended rather to dispel the possibility of doubt

as to the continuance of liability of the owner and of the foreign user of a railroad, in such circumstances, than to suggest any exemption of the domestic corporation from the obligations imposed by section 1111. The last lines we quoted above from section 1060 contain a decided intimation that a domestic company "if operating its own road" is still subject to those liabilities. The defendant comes within that language. It operates its own railroad and is the owner thereof. We see nothing in section 1060 to indicate that it is relieved of any statutory liability as owner on the ground that the Wabash company is a domestic, not a foreign, corporation.

Learned counsel for defendant contends that the true meaning of section 1111, read in connection with section 1060, should be as follows (the italics are in his original):

"Each railroad corporation *owning* a railroad in this State shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad *owned* by the said railroad corporation; and each railroad corporation *operating* a railroad in this State shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad *operated* by such railroad corporation."

If that is accepted as a correct interpretation, we believe the defendant would still be liable as owner of the railroad. Ownership and operation of the railroad surely impose the statutory liability for fire on the company which owns and operates. The provisions of section 1060 do not change that liability.

The maxim which declares that the expression of one thing is the exclusion of others not expressed, should be applied only where it appears to point to the legislative intent. The maxim is useful as an aid to discover that intent, but it

should never override a different purpose plainly indicated. The terms of section 1060 were rather intended to enlarge than to restrict the liabilities imposed by section 1111. The latter section is very definite. It reads as follows:

."Each railroad corporation owning or operating a railroad in this State shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages."

On the facts before us and the law as quoted we consider that, as owner and operator of the railroad, defendant is liable in this action, and that the trial court was correct in its rulings. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.