SCHMIDT et al., Respondents, v. JUTTING, Appellant.

(139 N. W. 769.)

1. **Sale—Warranty, Test of Existence of.**

   Whether vendor's statement that a threshing machine, traction engine and appliances is "all right to do your own threshing and good for a long time" is a warranty, depends upon the circumstances of the case, on the knowledge or lack of knowledge of either of the parties, and on the lack or otherwise of defendant's opportunity of inspecting the machinery; no fraud having been practiced by vendor.

2. **Contract—Warranty, Non-reliance on.**

   Where vendee of a threshing outfit tested the engine and at once discovered that it was badly rusted and leaked and that therefore it was difficult to get up steam and impossible to keep up steam to run the machinery for any length of time, but he thereafter completed the purchase and executed notes and chattel mortgage, paid one of the notes, and admitted on the trial that he was satisfied, after the test, to make the deal; **held,** he did not rely upon the alleged warranty of plaintiffs, made before the sale, that the engine was all right and good for a long time.

3. **Appeal—Damages for Delay.**

   This Court, not believing this appeal is wholly without merit, respondent's request to award them damages under subd. 5, Sec. 411, Code Civ. Proc., will be denied.

(Opinion filed February 10, 1913.)

Appeal from Circuit Court, Hamlin County. Hon. Geo. H. Marquis, Judge.

Action by Bernard Schmidt and others against John Jutting, upon a promissory note and to foreclose a chattel mortgage for purchase money. From a judgment for plaintiffs, defendant appeals. Affirmed.

*W. N. Skinner,* for Appellant.

No particular form or language is necessary to create a warranty: the expression "warrant" need not occur specifically, though that is the term most often used. It is the subject matter of the statement or representation and the circumstances under

which it was made, rather than its form which are to be considered.

Any distinct assertion or affirmation as to the quality, or character of the thing sold, made by the seller, during the negotiations for the sale, which it may reasonably be supposed was intended to induce the purchase and was relied on by the purchaser, will be regarded as a warranty unless accompanied by an express statement that it was not intended as such. Am. & Eng. Enc. Law, Vol. 30, page 137, and cases cited under note 1.

"If the affirmation was made in good faith it is still a warranty; if made with knowledge of its falsity it is none the less a warranty, though it is none the less a fraud." Am. & Eng. Enc. Law, Vol. 30, page 137.

"The general tendency of the later authorities is to construe liberally in favor of the buyer, language used by the seller in making affirmations respecting the quality of his goods and to treat such affirmations as a warranty whenever the language used will reasonably authorize the inference that they were so understood."

"It is not always necessary that the buyer show an intention on the part of his seller to warrant; if the latter makes a positive affirmation as to a material fact, and the former relying upon the truth of it, makes a purchase which he otherwise, probably, would not have made, a warranty will be presumed, even in opposition to affirmative proof of the absence of an intention to warrant, upon the ground that the seller cannot be allowed to induce a purchase by such conduct and then escape responsibility by averring the absence of an intention to warrant." Am. & Eng. Enc. Law, Vol. 30, page 140; Harrigan v. Advance Thresher Co. (Ky.) 81 S. W. Rep. 262.

"The decisive test in determining whether language used is a mere expression of opinion or a warranty is whether it purports to state a fact upon which it may fairly be presumed the seller expected the buyer to rely and upon which a buyer would ordinarily rely; if the language used is of that character the fact of reliance on the part of the buyer and the presumption of interest on the part of the seller, which the law would raise in such a case would operate to create a warranty." Am. & Eng. Enc. Law, Vol. 30, page 132.

"Where a vendee bought a horse for a particular use

which was known to the vendor and the latter said: 'The horse is all right.' This representation as a matter of law was deemed a warranty that the horse was reasonably fit for the use for which it was desired by the vendee." Smith v. Justice, 13 Wis. Rep., page 601.

"The statement made by the vendor of a cow that 'She is all right' is a question to be submitted to the jury as to whether or not it amounts to a warranty of soundness." Tuttle v. Brown, 4 Gray, page 457.

"It seems to us there was no error in leaving it to the jury to find from all the facts and circumstances what the party intended by the words 'The roots are all right and will grow' whether this language amounts to a warranty as to the quality of the roots, their power or ability to produce hops, or whether the warranty only related to the vitality of the roots and that they would grow." Brooks v. McDonald, Vol. Wis. Rep., page 139. And see, Stevens v. Bradley, 89 Iowa Rep., page 174; McClintock v. Emick, 87 Ky. Rep. 160; Whitehead, Etc., Machine Co. v. Ryder, 139 Mass. Rep. 366; Latham v. Shipley, 53 N. W. Rep. 342 (Iowa); J. I. Case Thresher Machine Co. v. McKinnon, (Minn.) 84 N. W. Rep. 646; Kircher v. Conrad, 9 Mont. 191, 18 A. S. R. 731; Hexter v. Bast, 125 Pa. St. 52, 11 A. St. Rep. 874; McLennon v. Ohmen, 17 Pac. 687 (Cal.).

Counsel in his argument of this case in the lower court mentioned the fact that it would be contrary to law for the defendant to set up the breach of warranty, owing to the fact that he did settle for the machinery by giving his notes, but the following cases do not seem to sustain that contention: D. M. Osborn & Co., et al. v McQueen, (Wis.) 29 N. W. R. 636; Tunnel v. Osborn et al., (Minn.) 17 N. W. R. 944; Hallowell et al. v. McLaughlin & Bros., (Ia.) 111 N. W. R. 428.

*M. J. Russell,* for Respondents.

"In order to maintain an action for breach of warranty it must be shown that the warranty was relied on." 35 Cyc. 376.

"A breach of warranty may be waived by the buyer * * * and in some jurisdictions a waiver will be implied, if the buyer knowing the defects, fails to give notice, or accepts, retains or uses the article, or pays the price therefor." 35 Cyc. 429.

The Supreme Court of Wisconsin, in Waupaca Electric Light

& Ry. Co. v. Milwaukee Electric Ry. & Light Co. (88 N. W. 308), used the following language:

"If a person sells another property to be delivered, accompanying the sale with a warranty, and when the delivery takes place there are defects in the property which are discoverable by a person of ordinary intelligence in the circumstances of the purchaser, by the exercise of ordinary care, and such other, nevertheless accepts the property, neither objecting thereto then or within a reasonable time thereafter, he thereby waives the defects so that he can neither rescind the sale, counterclaim for damages when sued for the purchase price, nor sue for damages for breach of warranty after paying for the property."

The jury found that John Jutting did not employ a competent engineer nor did he use proper diligence to repair the engine, and if he did not know much about the engine, or that the engine did not work well it was his own fault.

The appellant put much stress in his argument upon the fact that he claims the statement which Bernard Schmidt made to John Jutting in the month of June, 1907, to the effect that, "the engine is all right to do John Jutting's threshing," constitutes a warranty binding upon the respondents.

This statement was made in June, 1907, and the sale was not made until September 14, 1907, and during this time Mr. Jutting tested said outfit by giving it a trial and after said test and trial he gave the two notes and mortgages, and further, there was not specific sale of the engine as there was no price or value placed on it. It was the whole outfit which was sold and there was no warranty on the outfit. There must be a specific contract of sale concerning a chattel in order that the same may be warranted and one of the elements which constitutes a contract of sale is a price placed upon the chattel to be sold.

If the statement, "the engine is all right to do your own threshing," means anything, it is, that it will furnish power to run the separator which constituted a part of the outfit and there is no evidence in this case that it was used for that purpose at all or that it would not furnish such power. Worth v. McConnell, 4 N. W. Rep. 198, or 42 Mich. 473, at the bottom of page 199 of said 4 N. W. Rep; McDonald Manuf'g. Co. v. Thomas, 5 N. W. R.

737; Current Law, page 1733; Computing Scale Co. v. Taylor, 4 Ga. App. 567, 61 S. E. Rep. 1131.

Respondents desire also to call attention to Div. 5 of section 411 of the Code Civil Procedure which provides that the Supreme Court may allow as damages the sum of ten per cent of the amount of the judgment for a delay, in favor of respondent and as the records of this case show on its face that there is no merit in appellant's contention. Warner v. Lessler, 33 N. Y. 296; Sweet et al. v. Davis, (Wis.) 63 N. W. 1047.

POLLEY, J. This action was brought to recover on a promissory note and to foreclose a chattel mortgage given to secure the payment thereof. The controversy grew out of the purchase and sale of a threshing machine, traction engine, and appliances connected therewith. The contract was the result of a conversation held between one of the plaintiffs and the defendant during the month of June, 1907. Plaintiff and defendant together examined the machinery then on plaintiffs' premises, and agreed upon the price; but defendant did not move or take possession of it until about the latter part of the following August, when he had it removed to his own place. The purchase price agreed upon was $700. This was evidenced by two notes for $350 each; one payable on the 1st of December, 1907, and the other payable on the 1st day of December, 1908. The note payable on December 1, 1907, was paid at maturity; but payment on the other was refused, and this suit is the result of such refusal. Plaintiff recovered judgment for the amount of the note, with interest and costs, and defendant appeals.

[1] Defendant, in his answer, admits the execution and delivery of the notes, but pleaded, as a defense, partial failure of consideration and breach of warranty, and asked for damages occasioned thereby. At the time of the making of the contract, the machinery was, and for two years past had been, standing out in the weather. It (the engine especially) was badly rusted and in a generally dilapidated condition. This was noticed and remarked upon by the defendant; but the plaintiff told the defendant: "The engine is all right to do your own threshing with; good for a long time to come." And it is these words that defendant claims constituted the warranty by plaintiffs. Defendant claims that he believed this statement of plaintiff's, and relied upon it as an induce-

ment to make the purchase; and counsel for both appellant and respondents devote considerable time and space, in their briefs, to the proposition as to whether these words constituted a warranty or not. Whether they do or not depends upon the circumstances of the particular case, upon the knowledge or lack of knowledge of either or both of the parties, and upon the opportunity or lack of opportunity afforded the defendant for an inspection and examination of the article purchased. No deception or fraud by plaintiff is claimed. After plaintiffs had given defendant their price of $700, and terms upon which they were willing to sell the machinery, defendant testified that he gave plaintiffs his final answer in the following language: "I told him I would give him that after the machine was started up and run satisfactory." The price was a lump sum on the entire outfit, without setting a special price or value on any particular part or piece of the machinery.

[2] This was in June, 1907, and about the latter part of the following August, as before stated, the defendant, together with his son and an engineer, whom he had employed for that purpose, went to plaintiff's place, fired up the engine, and started to move it to defendant's place. It was discovered at once that the boiler was so badly rusted that it leaked water; and the steam pipe, leading the steam from the boiler to the cylinder, leaked steam; and, because of these leaks, it was difficult to get up steam, and impossible to keep up steam enough to run the machinery continuously for any length of time.

On the 13th of September, defendant commenced threshing his grain, using said engine as a means of power. The boiler and steam pipe leaked so much water and steam that it was impossible to keep up sufficient steam to run the separator continuously for any length of time; but, notwithstanding this condition and defendant's knowledge thereof, on the 14th day of September he completed the purchase and executed the notes and chattel mortgage in question. The first note coming due was paid without complaint. At the trial of the case, defendant admitted that he bought the engine on trial; that he tried it; and that, after he had tested it, he was satisfied to make the deal. Under these undisputed facts, it appears that he did not rely upon the alleged warranty of the plaintiffs, but upon his own judgment, after a trial

of the machinery, and bought it and gave his notes with full knowledge of its defects.

It is true the evidence shows that the engine blew up during the following fall, and was probably of but little value when defendant purchased it. But, as he bought it with full knowledge of its condition, we cannot say that he did not get what he bargained for, and can see no reason for reversing the judgment. Respondents, in their brief, asked this court to award them damages under subdivision 5 of section 411, Code of Civil Procedure; but we do not believe that this appeal is wholly without merit, and the respondents' request in this respect will be denied.

The judgment of the trial court is affirmed.