Western Reserve National Bank of Warren, Ohio, Appellee, v. Supply Manufacturing Company, Appellant.

## Gen. No. 19,911.

1. BILLS AND NOTES, § 118*—*when subject to defenses.* Notes which show on their face that they are secured by a chattel mortgage are subject to all defenses existing in favor of the maker against the payee.

2. SALES, § 279*—*when breach of warranty waived.* Breach of warranty is no defense to an action for the purchase price of a printing press where the contract provided that settlement should be made with the vendor upon fulfillment of the guaranty, and it was apparent that in giving the notes the defendant did not rely

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon the guaranty, but elected to accept the press and give its notes therefor.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 26, 1915.

FOREMAN, LEVIN & ROBERTSON, for appellant.

LAVERN W. THOMPSON, for appellee. .

MR. JUSTICE BAKER delivered the opinion of the court.

In this case the defendant pleaded nine special pleas, to each of which the plaintiff demurred. The demurrers were sustained and, the defendant electing to abide, there was a judgment for plaintiff for $4,316 and costs, and the defendant appealed.

The parties entered into a contract in writing for the purchase by defendant of plaintiff of a printing press. Each special plea sets out the contract *in haec verba*. The allegations in each plea as to the giving of notes as provided in the contract are identical, and we think the decision in the case turns on the construction of the contract and the effect of the giving of the notes as alleged. The contract is in the form of an order addressed to plaintiff by defendant and accepted by the plaintiff. It contains the following provision:

"You are to send us, to remain for ten days without charge, a competent man to erect press, instruct our men in the use of the feed and to demonstrate your guaranty that with competent pressman, accurate plates and observance of your instructions, the press will handle flat paper stocks in all sizes from 11″x17″ to 28″x42″ cover forms of all sizes up to 27½″x41″ and will do good printing at a speed of 4500 per hour, where accurate register is not necessary and at a speed of 4000 per hour where accurate register is required, provided the stock is not electrified or otherwise in bad condition on all grades of flat paper stocks

392 Appellate Courts of Illinois.

Western Reserve Nat. Bank v. Supply Mfg. Co., 192 Ill. App. 390.

heavier than French folio excepting gummed, glazed and blotting paper, and printing our monthly magazine covers equal in every respect to the Saturday Evening Post.

Settlement is to be made with the erector upon fulfillment of the above guaranty, the payments to be made in exchange on New York for $2000.00, and the balance, $4750.00 in 13 six per cent. interest bearing notes, 12 notes for $125.00 each maturing monthly and one note for $3250.00 due in one year.''

The contract provides that the notes should be secured by chattel mortgage, and they were so secured, as appears from their face, and therefore are subject to all defenses existing in favor of the maker against the payee. Chapter 95, R. S. sec. 25 (J. & A. ¶ 7602). The action was brought on the seven notes last falling due.

All of the special pleas allege as a defense a breach of the warranty contained in the contract, some of them as giving the defendant the right to recoup damages for such breach, and others setting up such breach as a failure of consideration of the notes. The contract imposed no obligation on the buyer to make the cash payment or give the notes provided for in the contract until such time as the man sent by the seller to the buyer should demonstrate the guaranty of the seller contained in the contract that the press would do the work it was guarantied to do with a competent pressman and the observance of the seller's instructions.

Each of the special pleas contains the following averment:

"And that said agreement was thereafter formally accepted by the Niles office of the Harris Automatic Press Company, and that thereafter the said Harris Automatic Press Company, pursuant to said agreement, delivered to this defendant the certain printing press in said agreement described and this defendant delivered to said Harris Automatic Press Company

its certain promissory notes as in said agreement is provided, which said promissory notes were secured by a certain chattel mortgage upon said press, duly executed, acknowledged and recorded, pursuant to law, and among which said notes were the notes sued upon by the plaintiff herein.''

We think that the principle announced in *Fred W. Wolf Co. v. Monarch Refrigerating Co.*, 252 Ill. 491, is controlling in this case. In that case, it is true, the contract provided that the acceptance by the buyer after the time allowed for a test should be, ''a full discharge of the agreements hereinbefore contained.'' In this case the contract provides that, ''settlement should be made with the erector, the plaintiff, upon fulfillment of the guaranty.'' We think it appears from each plea that the defendant did not in giving the notes rely on the guaranty of the plaintiff, but elected, in the exercise of its own judgment, to accept the press that had been delivered to it and give its notes for the same, and that the settlement was made and the notes given in fulfillment and discharge of the guaranty. *Schmidt v. Jutting*, 31 So. Dak. 69.

The trial court did not err in sustaining the demurrers to the special pleas, and the judgment is affirmed.

*Affirmed.*