METAL FORMS CORP. *v.* CLEMANS.

(Decided April 2, 1931.)

*Messrs. Keifer & Keifer* and *Mr. Frank J. Murray,* for plaintiff in error.

*Mr. H. H. Crabbe,* for defendant in error.

HORNBECK, J. This is a proceeding in error. The parties here hold the same relative positions as in the trial court, and will be referred to in this opinion as plaintiff and defendant.

The action was on a note given by the defendant, Arthur Clemans, to plaintiff in the sum of $762.16; a second cause of action was set forth in the petition on an account. The second cause of action was disposed of in the trial court without objection or exception.

The second amended answer and cross-petition of defendant set forth a general denial of any amount due on the note, although its execution and delivery were admitted. By way of cross-petition, damages were prayed in the sum of $1,310 for alleged breach of an express warranty of the plaintiff

that the equipment—metal forms for the building of concrete tanks and silos, which plaintiff had sold defendant—was fit for the purpose for which it was sold. Several particulars in which it was claimed the warranty was breached were set up in the cross-petition. The sum of $1,010 of the damages claimed represented money paid by the defendant to the plaintiff on the purchase price of the equipment; $300 of the damages were for wages claimed to have been expended in the employment of an expert, at the special instance and request of the plaintiff, to assist in an effort to make the metal forms equipment do the work for which it was sold, which effort, it was asserted, was unsuccessful.

The reply admitted the warranty and defendant's reliance thereon when he purchased the equipment; denied the breach in any particular, and denied that an expert was employed at its request, or that he could not make the equipment do the work for which it was intended, or that he was paid the sum of $300; avers that the new note was given in payment for five past-due notes. Denies other allegations of the cross-petition.

Upon these issues the cause was submitted to a jury, which returned a verdict for the defendant and assessed the amount due defendant from the plaintiff in the sum of "$ None."

Motion for a new trial was filed and overruled, judgment was entered on the verdict, and from this judgment for costs this proceeding in error is prosecuted.

Many grounds are asserted in the petition in error, but we give consideration to the two which cover the substantial grounds presented in the

briefs and in oral argument: First, that the court erred in refusing to instruct a verdict for plaintiff at the conclusion of its case, and at the conclusion of the whole case, and erred in its general charge touching the law of waiver of a breach of warranty; second, that the verdict is manifestly against the weight of the evidence.

It is claimed by the plaintiff in error that the giving of the note sued upon to take up the notes upon which defendant was in arrears is in and of itself a waiver of any breach of the express warranty covering the equipment.

Ohio, of course, is one of the states which has adopted the Uniform Sales Act, and cases considering our statutes and acts like ours are the most valuable.

The one case which is most convincing of the law applicable to the situation under consideration, and which deals directly with the Ohio statute, is that of *Herband Co.* v. *Lackawanna Steel Co.*, (C. C. A.), 280 F., 11. The first four propositions of the syllabus read:

"1. Retention of goods and payment of purchase price, or suffering judgment therefor without defense, and with knowledge of breach of warranty, does not as matter of law bar action for the breach; the question of waiver being at the most one of fact.

"2. Retention of goods and payment of purchase price with knowledge of breach of warranty did not bar an action for the breach, under the Uniform Sales Act of Ohio (Gen. Code. § 8395), in view of Gen. Code, §§ 8429, 8449.

"3. While the extension of time for payment for goods would furnish a good consideration for the

waiver of action for breach of warranty, an extension does not as matter of law show such a waiver, under the Uniform Sales Act of Ohio.

"4. In action for purchase price of steel, wherein defendant counterclaimed for damages for breach of implied warranty of fitness of steel previously purchased and paid for, whether defendant waived its right to damages held for the jury, under the Uniform Sales Act of Ohio."

This is a well-considered case, the facts of which are sufficiently like those in the instant case to make the decision pertinent. The opinion, at page 13 of 280 F., discusses the *Marmet Coal Co.* v. *People's Coal Co. case,* (C .C. A.), 226 F., 646, which is cited and relied upon, in part, by counsel for plaintiff.

The principle enunciated in *Herbrand Co.* v. *Lackawanna Steel Co., supra,* and which we feel controls, seems to be in accord with the weight of authority.

35 Cyc., at page 433, after discussing the subject, says: "But according to the weight of authority, payment, part payment, or the giving of notes for the purchase-price is not a waiver of a breach of warranty unless an intent to waive such breach is proven, especially if made without knowledge of the defects, or if the purchaser is induced by the promise of the seller to remedy the defects."

And to like effect is 24 Ruling Case Law, page 239: "According to the better view the fact that the buyer pays the price after notice of defects in the goods constituting a breach of the seller's warranty does not constitute a waiver of the breach so as to preclude him from maintaining an action therefor."

Williston on Sales (2d Ed.), vol. 2, says at page 1294: ''Even if goods are defective and the buyer has legal ground of complaint, * * * subsequent payment for them without objection, knowing (or perhaps having reasonable cause to know) the defects, may, nevertheless, be a manifestation of intention to surrender all claims for damages. If the rule of the Civil law permitting cancellation of mutual claims by the act of one party only, were the rule of the Common law, payment in full of the price, it would seem, could have no other meaning than a manifestation of an intent to disregard the seller's breach of contract. But as the Common law does not recognize that the mere existence of cross-claims operates as a partial cancellation, or can be made to do so without action to the court, a conclusive inference does not seem justified. Such payment, however, is unquestionably strong evidence that the goods comply with the contract or order, or that the buyer is willing to accept them as full satisfaction for goods of the description contracted for or ordered. Giving a note for the price or renewing such a note, under similar circumstances has the same effect as payment of the price.''

See also 2 Mechem on Sales, paragraph 1836.

In *International Harvester Co. of America* v. *Thomas,* 43 N. D., 199, 176 N. W., 523, it is said: ''Where a renewal note is given instead of another which represented part of the indebtedness of a certain transaction, whatever defense might have been available as against original note is equally available as against the renewal note so long as the transaction remains one between the original parties.''

The following, which though *obiter* is helpful, is found in *Lewistown Foundry Co.* v. *Stone Company,* 92 Ohio St., 86, 110 N. E., 515, 518, which was an action to recover on an account for a chaser mill sold, with a cross-petition for breach of warranty and a claim that the purchase price was paid before the inefficiency of the machine was discovered, with a reply averring that the machinery and appliances were tested by the defendant and he being fully satisfied accepted the same: ''The question, of course, as to whether the purchaser had elected to keep such defective mill, and the further question as to what would be a reasonable time that should be allowed to the purchaser to make such substitution, would both be questions for the jury, to be determined by it under the peculiar circumstances of each particular case.''

The trial court in the instant case required the jury to find for the plaintiff in the amount due on the note sued upon, but left to the jury to determine the measure of damages which defendant had suffered, if any, because of the breach of warranty, and permitted the jury to say whether under the facts the breach of warranty had been waived. The court charged the jury: ''There has been evidence offered that since the defendant claimed to have learned of the breach of warranty he made certain payments on the purchase price and gave the note as described in the petition as a renewal of certain notes given for part of the purchase price. If he did make such payments and so executed the note, then he is now precluded from claiming that there was a breach of warranty, unless he made such payments and executed such note with the express understanding with

the plaintiff that such payments were made and such note given without prejudice to the defendant to claim damages thereafter for the breach of warranty.''

This charge, if there was any error at all in giving it, which we do not hold, was more favorable to the plaintiff than the rule enunciated in the cases heretofore cited.

We have examined the cases cited by counsel for plaintiff and appreciate that there is a difference in holding in certain jurisdictions. In the main, however, there is no conflict between the principle which we adopt and that announced in the cases cited. We briefly consider some of the cases appearing in the brief of plaintiff.

*Adler* v. *Robert Portner Brewing Co.,* 65 Md., 27, 2 A., 918, 920: Court held under the peculiar facts of the case that defendant in giving the notes for the purchase price could not in good faith claim a breach of warranty, and said, ''We can give to the defendant's conduct no interpretation consistent with good faith, except that he had no purpose of refusing to pay these notes at maturity.''

*D. M. Osborne & Co.* v. *Birdsall,* 57 App. Div., 41, 67 N. Y. S., 1049: Farm implement to be returned by defendant if it would not work. Failure to return to constitute acceptance. Purchaser failed to return and gave note. Held: Waiver.

*Vanderbeek* v. *Francis,* 75 Conn., 467, 53 A., 1015: Defendant pleaded general denial and conditional payment. Court held that under pleadings breach of warranty could not be shown. Added that there was a dead line for acceptance or rejection of article and that defendant had expressly and uncondition-

ally accepted. Does not clearly present our question.

*Blue Springs Mining Co.* v. *McIlvien,* 97 Tenn., 225, 36 S. W., 1094, 1095: No express warranty and no reliance on warranty. No showing of purpose to insist on breach of warranty. Defendant clearly and expressly promised to pay "regardless of consequences" after knowledge of defects.

*Maltbie* v. *Gadd,* 101 Wash., 483, 172 P., 557: Sale of gasoline pump. Installed. Partial payment of greater part of purchase price and four years thereafter renewed note. Demurrer to plea of breach of warranty. Somewhat like instant case, but unlike it in that no claim or showing of agreement for other or further trial of appliance when renewal note given.

*J. B. Colt Co.* v. *Kelly,* 142 Miss., 617, 107 So., 757: Sale of lighting plant. Two years and three months after original note was given, renewal note executed. Plaintiff's testimony uncontradicted that he abandoned use of plant several months before renewal note given. Court held that he had waived breach of warranty, saying, "No disputed fact to be submitted to the jury."

*Lunsford* v. *Malsby,* 101 Ga., 39, 28 S. W., 496: Much like instant case. Defendants gave renewal notes and claimed an oral agreement that they were not to be paid unless warranty made at the time was observed. Court held such proof was not available as varying the terms of the written instrument. Supports claim of the plaintiff in error in this case that giving of note waived the warranty. In the instant case testimony was not permitted to avoid the note sued upon, but to establish continuing warranty.

*Western Reserve National Bank of Warren, Ohio,*

v. *Supply Mfg. Co.,* 192 Ill. App., 390. Court says:
"Case turns on the construction of the contract and
the effect of the giving of the notes as alleged."
Contract provided that settlement should be made
upon fulfillment of guaranty.

*Louis Eckles & Sons Ice Mfg. Co.* v. *Cornell Economizer Co.,* 119 Md., 107, 86 A., 38: Giving of note
March 17 for mechanical device installed previous
October, without complaint of any breach of warranty. Held, waiver. Parol testimony of statements antedating giving of notes, that such notes
need not be paid under certain conditions, inadmissible.

*Schmidt* v. *Jutting,* 31 S. D., 69, 139 N. W., 769:
Court states, "Under undisputed facts, buyer did
not rely on warranty, but upon his own judgment
after trial of machine."

*King* v. *Dobbs,* 30 Ga. App., 441, 118 S. E., 428:
Purchaser paid part of purchase price; thereafter,
with full knowledge of defects, paid balance. Held
to have waived any breach of warranty.

*Lowery* v. *Rowland Co.,* 32 Ga. App., 109, 122 S.
E., 627: Facts clearly warranted court in saying
that breach had been waived by conduct.

*Wright* v. *Miller,* 109 Okl., 47, 234 P., 366: Defendant claimed he did not know of defects when signed
renewal note. Obviously knew of them. Court
states law to be as claimed by the plaintiff in the instant case.

We are therefore of the opinion that the court
committed no error to the prejudice of the plaintiff
in refusing to direct a verdict for the plaintiff, or in
its general charge as given.

Coming to the second claim of error, viz., that the

verdict and judgment are manifestly against the weight of the evidence: There was much testimony tending to support the claim of the defendant that the equipment was ineffective in all of the particulars complained of by the defendant to do the work for which it was sold and warranted. The defendant and two other witnesses, who had been with him on jobs where the equipment was in use, all testified definitely as to the failure of the metal forms to meet the requirements put upon them in the building of circular silos and tanks. Letters of the defendant to the plaintiff, in the main, tended to support his claim. There was no direct contradiction of the claim of the defendant that on the jobs where he worked in Boston, Niagara Falls, and Garrett, Indiana, there was a variation in the thickness of the walls from four to eight inches; that wooden spreaders had to be used in addition to the equipment.

On the subject-matter of waiver of the claimed breach of warranty there was testimony to the effect that the defendant was to have further opportunity to test the equipment after the giving of the renewal note, subject to the original warranty, and that a few days before the giving of the note Rousch, an expert, was hired at the instance and request of plaintiff to make possible most favorable conditions for the successful operation of the equipment on the tests; that notwithstanding the assistance of Rousch the equipment could not be made to work successfully. The letter of April 3, 1929, defendant to plaintiff, twelve days before the renewal note was signed, indicated a purpose on the part of the defendant to require the plaintiff to make good on the warranty on the equipment, that the defendant would give the

forms another trial only to "give you [plaintiff] another chance to show us you could do with them what you said you could," etc.

The testimony of the plaintiff was in the nature of statements to the effect that thousands of silos had been builded by the use of the equipment, which were satisfactory in the particulars wherein defendant claimed the silos which he constructed were unsatisfactory.

The evidence, then, created a situation where reasonable minds might differ. We therefore do not feel that this is such a case as requires our intervention to disturb the verdict of the jury wherein it chose to believe the testimony of the defendant to be of more probative value than that of the plaintiff.

The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*

ALLREAD, P. J., and KUNKLE, J., concur.