[No. 6136. Decided July 10, 1906.]

## BUCKEYE BUGGY COMPANY, *Respondent*, v. MONTANA STABLES, INCORPORATED, *Appellant*.[1]

SALES—ACCEPTANCE—CONSIDERATION—PAROL EVIDENCE TO EXPLAIN. If a contract of sale of two vehicles for one sum is entire, the acceptance of one is equivalent to the acceptance of both, and parol evidence is inadmissible to explain the consideration.

SAME—SEVERABLE CONTRACT. Where two vehicles were sold at the same time and the contract recited a single consideration for both, parol evidence is admissible to show that a separate price was agreed upon for each, as that does not contradict the writing; and in such case the contract is severable, and may be rescinded for sufficient cause as to part and enforced as to the remainder.

SAME—WRITTEN CONTRACT—STIPULATION AS TO PAROL CONTEMPORANEOUS AGREEMENT. A written order or contract entered into with an agent for the purchase of two vehicles, reciting on a printed form that no agreement shall be recognized unless written thereon, and that no verbal agreements will be recognized, cannot be varied by evidence of contemporaneous oral agreements.

SALES — DEFENSES—CONFORMITY TO CONTRACT—ANSWER—SUFFICIENCY. Where a written contract for the sale of a vehicle calls for a regulation track and contains a memorandum for a "15 in. extension," and, also, "Don't want stiff bar Brake" an answer alleging a breach of the contract in that the wheels did not have the regulation track, and that it did not have the fifteen inch extension, and was equipped with the stiff bar brake, is sufficient to admit proof that the vehicle did not conform to the contract, justifying its nonacceptance.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 14, 1905, in favor of the plaintiff, upon motion for judgment on the pleadings, in an action on contract. Reversed.

*G. M. Emory* and *John F. Murphy*, for appellant.

*Emmons & Emmons* and *H. T. Granger*, for respondent.

RUDKIN, J.—On the 5th day of December, 1902, the defendant executed and delivered to the plaintiff the following written order:

1Reported in 85 Pac. 1077.

BUCKEYE BUGGY CO., Columbus, Ohio

Seattle, Wash., Dec. 5, 1902

*Please ship March 15, 1903, or as soon thereafter as possible, the following work, in accordance with description, etc. in your catalogue, boxed and aboard cars at Columbus, Ohio:*

ALL ORDERS TAKEN SUBJECT TO APPROVAL OF HOME. No agreement or condition will be recognized unless WRITTEN upon this blank. Our responsibility ceases upon delivery to R. R.

TERMS: $300 Cash
Balance, $100 a mo. till paid

ROUTING

| How Many | Style | Top | Track | Pole or Shafts | Wheels Size | Wheels Band or Patent | Axel | Trimming | Mounting | Price of each | Painting | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 265 | Top | Reg. | Pole | Reg. | B | Reg. | Gr. Lea | | Plain | | |
| 1 | 278 | Open | " | " | " | " | " | " | | | 15 in. Extension. Kelly tire. Wants regular whiffle tree. Dont want stiff bar Brake. 1600.00 NY. Red. Body to correspond. Ice Chest. Horn—Lead Bars. | |

Name Montana Stables
Phone Main 750

Everything must be written on this order, as no verbal agreements or promises will be recognized.

ORDER NO. ..............

SALESMAN  Van Sant

THIS ORDER NOT SUBJECT TO COUNTERMAND.

SIGN HERE (signed) MONTANA STABLES, INC.

By J. W. Coleman, Manager

This action was brought to recover the contract price of the two vehicles therein described and of certain extras ordered at the same time. The claim for extras was abandoned at the trial and will not be further considered. The complaint alleged the execution and delivery of the order; that in the month of April, 1903, the two vehicles were shipped and delivered to the defendant; and that no part of the purchase price of $1,600 had been paid, except the sum of $181.25. The amended answer put in issue the allegations of the complaint, except the existence of the corporation, the ordering of sundry articles, and the payment of $181.25. The answer, also, contained an affirmative defense in which it was alleged that the contract between the plaintiff and the defendant was partly in writing and partly oral; that the written part of the contract was as set forth in the above order, and that at the time of the execution of the order and as a part thereof, it was orally agreed as follows: That the style No. 265 in the written order was to be a brougham for use in the livery business in the city of Seattle, which should accommodate four persons with comfort, and was not to be a three-quarter sized brougham, such as is commonly used by physicians and private families; that the brake should not be a stiff bar brake and should not be placed upon the front wheels of the vehicle; that the fifteen inch extension should be measured from the edge of the front seat in the middle thereof to the nearest part of the cushion back of the front seat. It was further alleged that it was understood and agreed that the figures "1600" appearing in the order were the totals of the separate sums agreed upon as the purchase price of the two vehicles, and that $900 was the agreed price of the brougham, and $700 the agreed price of the coach.

It was further alleged that, on or about April 10, 1903, the defendant was informed that the brougham being manufactured by the plaintiff was not according to contract, and the defendant thereupon wired the plaintiff countermanding the order as to the brougham and refusing to accept the same,

because it was of three-fourths size and because the fifteen inch extension was not being constructed according to contract.    It was further alleged that, notwithstanding the countermand of the order, the plaintiff shipped the brougham and coach in May, 1903, consigned to the order of the defendant at Seattle; that the defendant thereupon examined the vehicles and finding the coach according to order accepted the same, but the brougham did not conform to the contract in the following particulars: It was three-fourths size and not full size, and would not accommodate four persons with comfort; it did not have the fifteen inch extension, and the wheels did not have the regulation track, and it was equipped with the stiff bar brake.    For these reasons the defendant refused to accept the brougham and actually rejected the same, storing it in the city of Seattle subject to the order of the plaintiff, and immediately notified the plaintiff of such rejection.    The reply denied the affirmative portions of the answer.    The court granted a judgment in favor of the plaintiff on the pleadings for the full amount, and from this judgment the defendant appeals.

Two questions are naturally presented by the appeal: (1) Was the order in question so far an entire contract as to preclude the appellant from alleging and proving that a separate consideration was agreed upon for each of the vehicles; and (2) in the absence of fraud or mistake, should the appellant be permitted to vary the terms of the written order by parol testimony tending to show a cotemporaneous oral agreement.    If the contract in suit was entire, and parol testimony was incompetent to explain the consideration, the judgment must be affirmed, as an acceptance of one vehicle would in law be equivalent to the acceptance of both.    If, on the other hand, it was competent for the appellant to show that the contract was in fact severable, the judgment must be reversed, as a sufficient deviation from the written contract was alleged to warrant the appellant in refusing to accept the brougham.

We believe it to be a rule, that if several articles are sold for a single and entire consideration, without any apportionment of the purchase price as between the several articles, the contract of sale is entire and cannot be severed, except by agreement of the parties. On the other hand, if several articles are sold, and a separate price is agreed upon for each, although a single instrument of conveyance may be executed reciting a single consideration for the whole, yet, for sufficient cause shown, the contract may be rescinded as to a part and enforced as to the remainder. This is well illustrated by the case of *Miner v. Bradley,* 22 Pick. 457. In that case the plaintiff bid off a cow and four hundred pounds of hay at public auction for the sum of $17 without any apportionment of the purchase price. The court held the contract entire, but distinguished the contract from such a contract as we have suggested in the following language:

"Where a number of articles are bought at the same time, and a separate price agreed upon for each, although they are all included in one instrument of conveyance, yet the contract, for sufficient cause, may be rescinded as to part, and the price paid recovered back, and may be enforced as to the residue. But this cannot properly be said to be an exception to the rule; because in effect there is a separate contract for each separte article."

Again, "Had the plaintiff bid off the cow at one price and the hay at another, although he had taken one bill of sale for both, it would have come within the principles of the above case. [Referring to *Johnson v. Johnson,* 3 Bos. & Pul. 162.] But such was not the fact."

In *Aultman & Taylor Co. v. Lawson,* 100 Iowa 569, 69 N. W. 865, the court held that, although a threshing outfit was sold for "one lump sum," yet it was competent to show that a separate price was agreed upon for each of the several parts, saying,

"True, the consideration is stated in 'one lump sum,' but the evidence shows that the sum was the aggregate of prices agreed upon as to the different parts. The contract does not

show the prices on the different parts, but, being silent on that subject, it was competent to prove what the agreement was in that respect, such proof not being in contradiction of the contract."

To the same effect see, *Field v. Austin*, 131 Cal. 379, 63 Pac. 692.

On the second question we are clearly of opinion that the order or contract cannot be modified or varied by parol testimony as to a contemporaneous oral agreement. The rights of the parties must therefore be determined by the written contract, except in so far as the appellant should be permitted to prove that a separate consideration was agreed upon for each vehicle, and that the brougham was not accepted by it and did not conform to the written order.

The judgment is therefore reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

MOUNT, C. J., HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.