[No. 8024.   Department Two.   September 29, 1909.]

# E. A. Patrick, *Appellant*, v. C. E. Watson, *Respondent*.[1]

SALES—DELIVERY—NUMBER OF ANIMALS—EVIDENCE—SUFFICIENCY.
The evidence is insufficient to establish that plaintiff purchased and
paid for 150 head of horses, only 85 of which were delivered, where
it appears that he purchased defendant's farm and stock at a lump
sum of $47,500, and without any segregation of the price as to any
separate article, the horses being described in the contract as all
horses of a certain brand on the farm "or wherever they may be
found," although plaintiff testified that he figured the horses at
$10,000, the defendant to deliver them at the farm and guaranteeing
150 head, and where it appears that there was no such guarantee in
the written contract and no statement of any definite number, that
only 66 head were on the farm, and that plaintiff hired men to find
the others on the range.

SALES—WRITTEN CONTRACT—ORAL REPRESENTATIONS—ESTIMATE OR
GUARANTEE.  Where the written contract for the sale of all horses of
a certain brand on a farm, "or wherever they may be found," did not
specify any number, it is conclusive that the same was for an in-
definite number, and representations on negotiating a sale that there
were 150 to 175 head is a mere estimate and not a guarantee.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered August 31, 1908, dis-
missing, at the close of the evidence, an action to recover
the purchase price of live stock, after a trial on the merits
before the court without a jury.   Affirmed.

*John C. Kleber* and *Robertson & Rosenhaupt*, for appel-
lant.

*Merritt, Oswald & Merritt*, for respondent.

Mount, J.—Appellant brought this action to recover
from respondent $4,332.90, the purchase price of sixty-five
head of horses alleged to have been purchased and paid for,
but never delivered by respondent to appellant.   The case
was tried to the court without a jury.   At the close of all
the evidence, the court found that the plaintiff had not es-

[1]Reported in 104 Pac. 144.

tablished the allegations of his complaint, and dismissed the action. The plaintiff has appealed.

It appears that in October, 1907, the appellant agreed to, and did, purchase from the respondent a farm and all farming implements and machinery and all horses, cattle, and live stock, with certain specified exceptions, owned by respondent, for the sum of $47,500. It is claimed by appellant that the purchase price of the horses was $10,000, and that respondent guaranteed that there were as many as one hundred and fifty head of horses, and that only eighty-five head were delivered. At the time the sale was made, a written contract was entered into, the part thereof referring to the live stock being as follows:

"Also said first party conveys to said second party all horses, cattle and other live stock and all interests therein owned by said first parties, situated and located either upon said land or wherever they may be found, and also all rights and title of said first party to the following stock, brands W A and xx and all stock bearing said brands which have not heretofore been sold or disposed of by said first party herein, saving and excepting however four (4) work horses, one (1) driving team, and one (1) cow which have heretofore been selected by mutual agreement of the parties."

The appellant testified that he figured the horses at $10,000, and that he paid that sum for the horses. We are satisfied, however, that, when the sale was finally concluded, it was upon the basis of a lump sum of $47,500 for the whole property, without any segregation of the price as to any separate article. This point, however, is of no special importance in the case. The appellant also testified that it was his understanding that the horses were to be delivered at the farm, and that the respondent guaranteed that there were at least one hundred and fifty head of them; but the written contract contains the final agreement of the parties, and no such guarantee is stated therein. The contract contains no statement of any definite number of horses. It states that the respondent "conveys all horses

. . . and all interests therein . . . situated and located either upon said land or wherever they may be found."

It is clear that the delivery of the bill of sale was the delivery of all of the horses included therein "wherever they may be found." This included those upon the farm as well as those upon the range; and, as indicating that the appellant so understood the contract upon the question of delivery, he testified that sixty-six head of horses were upon the farm, while the others were upon the range; that he hired men to find the other horses for him, but that these men were able to find only nineteen head upon the range, making eighty-five head that were delivered to him. It was not shown that there were no more horses upon the range. The record clearly shows that neither of the parties knew just how many head of horses there were. In negotiating the sale, the respondent stated that there were between one hundred and fifty and one hundred and seventy-five head scattered upon the range, but this was merely an estimate. If the parties intended that there should be a guarantee of one hundred and fifty head, it would have been an easy matter to have stated so in the written contract. Not having been stated, the contract is conclusive upon that subject. *Buckeye Buggy Co. v. Montana Stables,* 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032. The trial court was therefore right in its conclusion that the contract was for an indefinite number of horses, and that the delivery of the contract was a delivery of all horses belonging to respondent wherever they may be found.

The judgment is therefore affirmed.

Rudkin, C. J., Parker, Dunbar, and Crow, JJ., concur.