[No. 8652.   Department One.   August 8, 1910.]

# BERLIN MACHINE WORKS, *Appellant*, v. H. J. MILLER *et al.*, *Respondents*.[1]

SALES—CONTRACTS—ENTIRE OR SEVERABLE.  A contract of sale of one band resaw and one self-feed ripsaw is severable and not entire, although only one price was fixed for the two machines, where such intent appears from the whole contract, which warranted one of the machines, money paid to be refunded if not as guaranteed, and provided that retention of the other machine after sixty days should constitute a trial and acceptance, the sale of one machine being absolute and the other conditional.

SALES—ACCEPTANCE—SEVERABLE CONTRACT.  Where a contract for the sale of two machines was severable, the acceptance of one does not work an acceptance of the other.

SALES—GUARANTY—PREFERENCE.  A guaranty that a saw would cut a given quantity from given materials in a certain time is not fulfilled by the fact that it could cut an equivalent quantity from materials different from those described.

SALES—ACCEPTANCE—USE AFTER REGULATION.  The use of a guaranteed saw for five months after its rejection does not constitute an acceptance, where it was unable to do the heavy work for which it was guaranteed, and the vendor did not exercise its option to repay freight and remove it from the vendee's premises, but attempted to correct the defect to make it comply with the guaranty, and never formally tendered it to the vendee.

SALES—RECOVERY OF PRICE—PARTIAL PERFORMANCE—SEVERABLE CONTRACTS.  Where a sale of two machines for one price was severable, and one of the machines was accepted and used and the other rejected because not up to the guarantee, the vendor may recover the price of the accepted machine, according to the list prices of the two machines, or a fair proportion of the contract price, to be determined by the court.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered August 3, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract.   Reversed.

*Bausman & Kelleher*, for appellant, contended that the contract was an entire contract, and could not be rescinded

[1] Reported in 110 Pac. 422.

in part. *Buckeye Buggy Co. v. Montana Stables,* 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032; *Seattle Nat. Bank v. Powles,* 33 Wash. 21, 73 Pac. 887; *White v. Miller,* 132 Iowa 144, 109 N. W. 465, 8 L. R. A. (N. S.) 727; *Mansfield v. Trigg,* 113 Mass. 350. Acceptance at the end of the trial period was conclusive. Williston, Sales, p. 375, § 272; *Wendall v. Osborne,* 63 Iowa 99, 18 N. W. 709; *Brown v. Russell,* 105 Ind. 46, 4 N. E. 428; *Wolf Co. v. Northwestern Dairy Co.,* 55 Wash. 665, 104 Pac. 1123; *Staver v. Rogers,* 3 Wash. 603, 28 Pac. 906; *Wasatch Orchard Co. v. Morgan Canning Co.,* 32 Utah 229, 89 Pac. 1009, 12 L. R. A. (N. S.) 540; *Pratt & Co. v. Langston Mercantile Co.,* 111 Mo. App. 96, 85 S. W. 134; *Columbia Rolling Mill Co. v. Beckett Foundry & Machine Co.,* 55 N. J. L. 391, 26 Atl. 888; *Rowell v. Oleson,* 32 Minn. 288, 20 N. W. 227; *King v. Towsley,* 64 Iowa 75, 19 N. W. 859. The burden was upon the defendant to show breach of warranty. *Burt v. Garden City Sand Co.,* 237 Ill. 473, 86 N. E. 1055. Attempts to aid the customer in operating a machine do not waive the manufacturer's right to stand on his rights. *Wendall v. Osborne,* 63 Iowa 99, 18 N. W. 709. Defendants' use of the machine was inconsistent with its rejection. *Fox v. Wilkinson,* 133 Wis. 337, 113 N. W. 669, 14 L. R. A. (N. S.) 1107; *Empire Steam-Pump Co. v. Inman,* 59 Hun 230, 12 N. Y. Supp. 948; *Baker v. Robbins,* 51 Wash. 467, 99 Pac. 1.

*George Dysart* and *Hayden & Langhorne,* for respondents, cited: *Gove & Co. v. Island City Mercantile & Milling Co.,* 16 Ore. 93, 17 Pac. 740; *Widman v. Gay,* 104 Wis. 277, 80 N. W. 450; *Manitowoc Steel Boiler Works v. Manitowoc Glue Co.,* 120 Wis. 1, 97 N. W. 515; *Moritz v. Larsen,* 70 Wis. 569, 36 N. W. 331; *Smith v. Brady,* 17 N. Y. 173, 72 Am. Dec. 442; *Edison Gen. Elec. Co. v. Canadian Pac. Nav. Co.,* 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315; *North v. Mallory,* 94 Md. 305, 51 Atl. 89; *Clarke v.*

*Johnson Foundry & Machine Co.*, 19 Ky. Law 973, 42 S. W. 844; *City of Sherman v. Connor*, 88 Tex. 35, 29 S. W. 1053.

FULLERTON, J.—The appellant delivered to the respondents two certain machines; namely, a self-feed ripsaw and a band resaw, under the following contract of sale and guaranty:

Chehalis, Sept. 4th, 1905.

Berlin Machine Works.

Main Office and Works:  Beloit, Wisconsin.

Subject to strikes, accidents or other delays beyond your control, please ship in good order the following Machinery, delivered F. O. B., Beloit, Wisconsin, about 1 week:

One latest improved 'Pilot Wheel Set Works' band resaw, No. 285, 64" 8" saw—Right hand with double roller bed as per explanations attached.  Furnish one saw filed and fitted.

One self-feed rip saw, style No. 254, no counter with 1 16" saw.

Man to superintend starting and prove guarantee.

Freight allowed to Startup, Wash.

All communications to Chehalis, Wash.

For which we agree to pay within 9 months after date of shipment fifteen hundred and fifty and no-100 dollars with exchange.

The purchaser agrees to make settlement within sixty days after date of shipment and to then evidence all payments due at a later date, by notes bearing date of shipment and interest.

$150.00 for freight to be sent to Wallace Lbr. Co. when advised.

$300.00 cash, 60 days from shipment.

Balance at $125.00 per month, notes 6%.

See other side for guarantee.

It is agreed that title to the property mentioned above shall remain in the consignor until fully paid for in cash, and that in case of rejection consignee will promptly deliver it to consignor F. O. B. at Beloit, Wis., and that this contract is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after 60 days from date of shipment shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty express or implied.  It is further agreed that the purchaser shall keep the property fully insured for the benefit of the Berlin Machine Works.

Ship via with Wallace Lbr. Co. to Startup, rebilling to Gate, Wash.

Accepted by B. G. Williams, salesman for Berlin Machine Works, subject to approval at the main office, Beloit, Wisconsin.

H. J. Miller Lbr. Co.,<br>By H. J. Miller, Prop.

Received and accepted Beloit, Wis., 9-8-05, Berlin Machine Works, by Osborn.

The guaranty was written on the back of the order and was in the following words:

H. J. Miller Lbr. Co.,
    Chehalis, Wash.
    Gentlemen: We guarantee the No. 285 to work successfully on all classes of stock up to its full limit and to handle 3" stock from 12x12 or 14x14 up to 50,000 ft. BM in ten hours, provided saws are properly put up to stand up to work in hand. In event the guarantee is not made good, we agree to refund money paid for freight, installation and belting and remove from premises.

Accepted,                          Berlin Machine Works,
    H. J. Miller Lbr. Co.,                Per Williams.
        Chehalis, Wash.,
            Sept. 4, 1905.

The machines described in the contract were shipped to the respondents on October 3, 1905, and reached them towards the latter part of the same month. The ripsaw was immediately set up by the respondents and used regularly by them thereafter as a part of the equipment of their mill. The band resaw was set up and started under the direction of one of the appellant's assistants. This machine, according to the claim of the respondents, failed to comply with the guaranty, or work satisfactorily otherwise, and acceptance thereof was refused. This action was thereupon brought by the appellant to recover the purchase price of the machines as fixed by the contract. The respondents took issue on the allegations of the complaint, and a trial was had which resulted in a judgment in their favor. This appeal was taken therefrom.

Taking up the assignments of error in the order in which the appellant presents them, the first to be noticed is the contention that the contract is an entire contract, not capable of being severed. But it has seemed to us that the contract was severable rather than entire. It is true there was but one consideration expressed for the two machines, and there is nothing in the record tending to show that a separate

price for each machine was agreed upon.  But while these considerations tend strongly to establish the entirety of a contract, and in the absence of other conditions would be controlling, we do not understand them to be conclusive in all cases regardless of what may be the remaining conditions of the contract.  To so hold would violate a cardinal principal of the construction of contracts; it would be to construe the contract with reference to a part of the language employed, rather than by a reference to the whole.  The entirety of a contract, it must be remembered, depends on the intention of the parties, and this intention is to be gathered from a consideration of the whole of the contract rather than from a consideration of a mere part.

Turning to the contract, it will be observed that the machines were sold under entirely distinct agreements.  With reference to the self-feed ripsaw, there are no covenants of warranty whatsoever, save such as are implied from the mere fact of sale, and no obligation is assumed concerning it or its operation after it reached the respondents; it was agreed that the retention of the saw after sixty days from the date of the shipment should constitute a trial and acceptance of the saw, and that in case of rejection, it was agreed that the consignee should return it to the consignor f.o.b. at Beloit, in the state of Wisconsin.  With reference to the band resaw, the consignor specially guaranteed that it would work successfully on all classes of stock up to its full limit, and that it would cut three-inch stock from pieces twelve by twelve inches, or fourteen by fourteen inches, in size up to fifty thousand feet board measure in ten hours.  It was agreed that a man should be sent to superintend starting the machine and to prove the guaranty; and that if the guaranty was not made good the money paid by the respondents for freight, installation of the machine in their mill, and for belting, should be refunded them and the machine removed from their premises.  There was no time fixed within which

any of these acts should be done, other than such as the law implies; namely, a reasonable time.

In view of these differences in the contract with reference to the two machines, it seems idle to suppose that the parties intended that the agreements with reference to the one machine should be deemed broken in the case the agreements were not performed as to the other. Indeed, effect cannot be given to all the provisions of the contract if it is to be treated as entire. The sale of the self-feed ripsaw was a sale absolute, and passed the title of the machine in the consignees on delivery to them, while the sale of the band resaw was a conditional sale to take effect and become consummated only when the condition under which it was sold should be performed, that is to say, when it was proved by the consignor that the machine would comply with the terms of the guaranty. These conditions are so far distinct and inconsistent that they cannot operate together, and to give effect to all of them the contract must be held severable and not entire.

The appellant cites the case of *Buckeye Buggy Co. v. Montana Stables*, 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032, as conclusive of the question here under discussion. In that case we did say that when several articles are sold for a single and entire consideration, without any apportionment of the purchase price between them, the contract of sale is entire and cannot be severed except by the agreement of the parties. This, as a general rule, is undoubtedly correct. But we think it can admit of exceptions, and that one of these exceptions must exist in a case where, as in the one before us, the remaining parts of the contract make it clear that no such result was intended.

The appellant's second contention is that the provision in the contract to the effect that retention of the property for a period of sixty days shall constitute an acceptance applies to both machines, and it argues therefrom that there was a

retention beyond this period and a consequent acceptance. But this contention has its basis in the assumption that the contract is entire rather than severable. Since, however, we held it severable, it must follow that the acceptance of one machine was not an acceptance of the other.

The third contention is that the band resaw in fact complied with the guaranty, but we think the great preponderance of the evidence is with the conclusion of the trial judge that the machine could not be made to cut to exceed 7,000 feet board measure in ten hours out of the stock described in the contract; a quantity much less than the quantity guaranteed in the contract of sale. Based on the testimony of one of the respondent's witnesses, the appellant makes a calculation tending to show that the machine would cut in ten hours from certain materials a quantity equal to fifty thousand feet board measure, but if we concede the calculation to be correct it would not prove that the machine complied with the guaranty. The guaranty was that the machine would cut a given quantity from given materials, not an equivalent quantity from materials different from those described. The fault of the machine lay in its feed works. These were operated by a friction gear, which proved too light to keep them in motion when heavy materials such as those described in the guaranty were fed into them. The result was that the gears would slip and cause the friction to burn out. In lighter materials this difficulty was not met with, and hence the possibility of sawing a quantity equal to the guaranteed quantity from such materials; but this, as we say, is not a compliance with the guaranty.

The fourth contention is that the appellant continued to use the saw for a period of more than five months after they claim to have rejected it, and that this fact amounts to an acceptance of the saw. But we think the use of the saw by the respondents consistent with their refusal to accept it. The attention of the appellant was called promptly to the fact that the saw would not comply with the guaranty be-

cause of this defect in the feed works.   The appellant was then of course at liberty to repay the money paid for freight and installation of the machine by the respondents and remove the machine from the respondents' premises, but it did not choose to do this.   It sought instead to correct the defect in the machine so as to make it comply with the guaranty. The fact that the respondents submitted to this course of conduct did not amount to an acceptance of the machine. Under the contract they owed no affirmative duty in the premises.   It was time enough for them to act when the machine should be formally tendered to them, and this, so far as the record discloses, was never done.

The trial court, holding the contract to be entire and not severable, reached the conclusion that there could be no recovery at all thereon.   Since, however, we take the view that the contract is severable and not entire, it follows that this conclusion is erroneous.   The appellant should have been allowed to recover for the self-feed ripsaw.   As to this machine the sale and acceptance was complete, and the appellant is entitled to its purchase price.   No difficulty ought to be experienced in ascertaining this price, notwithstanding the contract itself makes no segregation as between the two machines.   The machines are standard, and were undoubtedly listed by the appellant at the time of the contract at fixed prices.   Perhaps as just a way as any to determine the price of the machine would be to take such proportion of the contract price of the two machines as the list price of the ripsaw bore to the sum of the list prices of the two machines.   However, any fair method should meet the approval of the court.

The judgment appealed from is reversed, and the cause remanded with instructions to the trial court to ascertain the contract price of the self-feed ripsaw and enter judgment in favor of the appellant for the amount thereof.

RUDKIN, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.