THOMAS BANKS, Respondent, v. S. H. CROW, Appellant.

*Appeal from Douglas County.*

Joinder of Actions.—A contract was alleged to have been made to convey to the plaintiff "a certain farm, a certain town lot, and twenty hogs" for the consideration of eight hundred dollars, and in an action brought thereon, the complaint averred that a deed had been executed for "a part only of the real property," and that there was a refusal to deliver the hogs, and that the plaintiff had been damaged thereby in the sum of $180: *Held*, that the complaint set up but one cause of action.

Sale of Land.—Parol.—Respondent was called as a witness to prove the contract: *Held*, it was error to admit parol evidence of the contract for the sale of land.

Severable Contracts.—A contract to sell a farm, a town lot, and certain personal property for a gross sum, is not a severable contract.

Variance.—If the plaintiff seeks to recover on a contract essentially different from the one set up, he should obtain leave to amend.

Withdrawal of Part of Cause of Action.—The verdict by the jury was, "We, the jury find that the town lot in the town of Oakland, Douglas County, Oregon, designated in the plaintiff's complaint, is the property of plaintiff, and further, we, the jury, find for the plaintiff ninety-four dollars:" *Held*, that the town lot had not been withdrawn from the case, and its sale forming a part of the parol agreement, rendered the contract void.

The complaint charges that the defendant agreed with the plaintiff for the consideration of $800, to sell and convey to the plaintiff a certain farm described in the complaint, a certain town lot also described, and twenty hogs designated—that the said sum has been duly paid to the defendant in gold coin; that defendant has executed a sufficient deed "to a part only of the real property," and has refused, and still refuses to deliver the hogs, and that the plaintiff has been damaged $180 by the refusal to deliver the hogs.

The answer denies making the alleged agreement, and charges that the defendant agreed to sell the farm and the hogs to the plaintiff for $800, and that he has fully performed and complied with the terms of the agreement, and has delivered the said hogs. At the trial the plaintiff appeared as a witness, and was asked to state the terms of the contract.

Objection was made that the contract, being for the sale of land, could not be proved by parol. The witness was permitted to answer, and this ruling being excepted to is assigned as error. Afterwards, in the course of the trial, the plaintiff announced that he abandoned all claim for damages as to the town lot, and he now claims that the error, if there was any, in admitting parol evidence of the contract, is waived or cured by the abandonment, and that the whole case as it now stands shows that the error does not affect a substantial right of the party.

*W. R. Willis,* for the appellant.

When the terms of an agreement have been reduced to writing, it is to be considered as containing all those terms, and no parol evidence of the terms can be admitted. (Code, p. 317, sec. 682.)

If the consideration is single and entire, the contract is, and cannot be divided. (8 Johns. 25.; 5 Wend. 164; 2 Parsons Con. 519; 22 Pick. 457–60.)

Part performance will not take it out of the statute of frauds. (10 N. Y. 232; 5 Cowen 162; 2 John, 221; 20 Pick. 134, etc.)

The plaintiff's remedy was an action to recover back the money paid, disaffirming the contract.

The price of the hogs and town lot being a part of an entire contract, cannot be fixed by parol evidence.

*Watson & Mosher,* for respondent.

An agreement void in part, is not necessarily void *in toto.* It is universally held that no one can receive or enjoy the goods or services of another, and then rely on the statute of frauds as an excuse for not paying for them. (13 Ind. 1-11; 28 Ver. 34.)

The contract was fully completed on the part of the plaintiff. Equity will not allow the statute of frauds to be assigned as a reason why it should not be performed as to the other. (22 Ill. 63; 7 Ohio, 157; *Sugget* v. *Corson,* 26 Missouri.)

Banks v. Crow.

The rigid rules of law as to the statute of frauds, and the indivisibility of contract, is greatly relaxed by modern decisions. (23 Ver. 497; 28 Ver. 558.)

UPTON, J. It requires no argument to show that parol evidence was inadmissible to prove the contract set up in the complaint. The position assumed by the respondent is, that the case may be treated as if no mention had been made of the town lot; that the contract being for the sale of a tract of land and certain personal property, and the land being conveyed, and thereby that part of the contract required to be in writing being performed, the statute of frauds does not apply. He cites *Irvin* v. *Stone*, 6 Cush. 503; *Rond* v. *Macher*, 11 Cush. 1; *Davenport* v. *Mason*, 15 Mass. 85; *Benedict* v. *Beebe*, 11 John, 145; *Wilson* v. *Ray*, 13 Ind. 1; *Pierce* v. *Paine*, 28 Ver. 34, and states the rule to be, "An agreement void in part is not necessarily void *in toto*, but a part, which would not be void if it stood alone, may be held valid if it can be separated from the part which is void." If we reject all that is said of the town lot, and treat of the farm and personal property only, this rule may be applicable to the case before us, especially if the farm was conveyed at the time of making the parol contract. A contract which is not severable, if void in part is void in whole. In the case supposed, one gross sum $800, is to be paid for both the farm and the personal property.

But it is said the farm being conveyed, and it having become immaterial what part of the $800, applied to purchase the personal property, since it was the surplus above paying for the farm, be it more or less, and was already paid over, nothing of the contract remains to be performed but the delivery of the hogs. From this it is assumed that the agreement to sell the personal property is severable, and stands as independently as if the agreement had been to sell the farm for $700 and the hogs for $100. In other words, the claim is that the land has been conveyed to the plaintiff by a deed, which is a compliance with the statute requiring

a writing; the personal property has been fully paid for, and therefore it can never be material to determine how much of the gross sum. is apportioned to the one or the other; that in case of non-delivery of the personal property, the remedy is by an action for the damages occasioned by the failure to deliver, and the amount of damage is in no way dependent upon the price paid.

The case thus stated may be a stronger one, than where the land and personal property are bargained at the same time, the one at one price, and the other at another price; because, in the latter case, some advantage in purchasing both together, or an anxiety to obtain the land, may be the leading and main inducement to promise to pay the agreed price for the personal property, and that may be a reason why the contracts should not be deemed severable.   But it is not rendered certain by the record in this case, that the deed was executed at the time of making the agreement for the sale of the land and the personal property.   If the deed was not executed then, there was for a time an agreement that was in part void by the statutes of frauds, its parts were not then severable, and it was then material to know how much of the gross sum of $800 should apply in payment for the hogs, to enable the purchaser to have the benefit of that part of the contract, without enforcing the part that was unquestionably void.   Whether we conclude from this record that the deed was not, or was, made at the time of entering into the contract declared upon, the respondent's agreement is based upon the position, that the case stands here as if the town lot had not been mentioned in the complaint.   In order to a fair consideration of that question, it should be observed that the lot was a matter upon which the jury were permitted to deliberate.   The court charged the jury as follows: 1st. "If the jury believe from the evidence, that at the time the contract was made, the defendant then and there delivered a deed for the real estate mentioned in the contract to the plaintiff, and that a part of the purchase money was then and there paid to the defendant; and if they further believe from the evidence, that by virtue of said contract, the plaintiff was to

Banks *v.* Crow.

receive a number of hogs, the consideration of which was paid by plaintiff, and the hogs were then on the premises and could be identified by marks and numbers from all others; then they must find for the plaintiff." 2d. "If you believe from the evidence, *that the town lot was not included in the contract,* and it was so understood by the plaintiff and defendant, and formed no part of the consideration for the purchase money for the land and the hogs, then the lot must be regarded out of the case." 3d. "If the jury find that *the lot was not mentioned* at the time the contract was made, the plaintiff cannot recover."

Court refused defendant's request to charge: 4th. "If the jury find that the defendant delivered the hogs with the land, then the verdict must be for the defendant." 5th. "If the jury find that the contract for the price of the land and town lot, and the hogs mentioned in plaintiff's complaint was one entire contract, and for one and the same consideration, the plaintiff cannot recover here."

The jury returned the following verdict, "We, the jury, find that the town lot in the town of Oakland, Douglas County, Oregon, designated in the plaintiff's complaint is the property of plaintiff, and further, we, the jury, find for the plaintiff ninety-four dollars."

It is evident from this charge and verdict, that proper steps were not taken to divest the case of the peculiar character given to it by the allegation, relative to the town lot. The more satisfactory way to accomplish that, would have been by application to the court for leave to amend the complaint. By the authorities before cited, a party may be allowed to withdraw a distinct cause of action without a formal amendment, but what is alleged in regard to the town lot, was not set up as a distinct cause of action—in fact, the complaint sets up but one cause of action, Code, p. 91, sec. 3, and it was not regarded by the court as a case where the variance between the allegations and proofs was to be disregarded as not affecting a substantial right. If it had been, the judge, instead of leaving it to the jury to say

whether the contract embraces the town lot, would have instructed that the allegations in regard to the town lot were deemed withdrawn, and that the jury were not to consider that subject. It is clear from the record, that the respondent relied upon the illegality of the contract, set up in the complaint, and that the case was submitted to the jury embarrassed with questions, connected with the alleged sale of the town lot, liable to confuse the case, and divert the minds of the jury from the issue that would have been properly before them, if the complaint had been amended by striking out what was alleged in regard to the town lot. Error will not be presumed, but that the case was thus improperly encumbered appears affirmatively in the charge and verdict. I think it would be inconsistent with safe or desirable practice, and against precedent, to disregard the void contract set up in the complaint, and allow the plaintiff to prove a legal contract, different in an essential particular from the one charged. I also think that the court erred in refusing to instruct that "if the defendant delivered the hogs with the land, the verdict must be for the defendant."

This action was for breach of a special contract to sell and deliver. There was some evidence tending to show that the hogs had been delivered in pursuance of the contract proved, and the question of delivery should have been left to the jury.

The judgment should be reversed.