[No. 11568. · Department One. April 29, 1914.]

## J. T. S. LYLE et al., Respondents, v. JAMES CUNNINGHAM et al., Appellants.[1]

APPEAL—REVIEW — HARMLESS ERROR — PLEADINGS — AMENDMENT. In an action upon an assigned cause of action, it is not prejudicial error for the court to allow the complaint to be amended by showing that the plaintiff had no interest except as trustee, and by bringing in the assignor as the real party in interest.

VENDOR AND PURCHASER — FRAUD — DEFICIENCY — ABATEMENT OF PRICE. The vendee is entitled to an abatement of the purchase price or damages, where it appears that the northerly boundary of the lands sold was a river following an irregular course, which had gradually changed, and he relied on the vendor's misrepresentations in pointing out the government corner in the center of the river 600 feet from its true location, and falsely stating the area of the land at 60 acres, as indicated by such location of the government corner, when in fact there was but 46.77 acres, by reason of changes in the course of the river.

VENDOR AND PURCHASER—CONTRACTS — FORFEITURE — EXCUSE FOR DEFAULT—LACHES. A vendee does not forfeit his interests in permitting taxes and interest to become delinquent, and is not guilty of laches by a delay of about three years in bringing suit, where he was entitled to an abatement of the purchase price for fraudulent representations as to the boundaries, and upon making a survey and discovering the discrepancy, he entered into unsuccessful negotiations for an adjustment of the matter which continued for some considerable time.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered July 29, 1913, upon findings in favor of the plaintiffs, in an action for equitable relief, tried to the court. Affirmed.

*Boyle, Brockway & Boyle*, for appellants.

*Bates, Peer & Peterson* and *Sullivan & Christian*, for respondents.

MAIN, J.—The purpose of this action was to reform a real estate contract, and for other relief.

[1]Reported in 140 Pac. 330.

The facts are as follows: On the 14th day of December, 1909, the plaintiff J. L. McMurray purchased from the defendants the following described real estate. The NE¼ of the SW¼ of lot 7, sec. 20, Twp. 20, Range 4, E. W. M., containing 59.67 acres, according to the government survey; also, a strip of land 16 feet wide along the east side of lot 16 of said section and township, used for a private road to the county road. The purchase price was $18,000, of which $9,000 was paid in cash. The remaining $9,000 was to be paid on or before five years from the date of the contract. Interest was to be charged upon the unpaid balance at the rate of six per cent per annum, payable on or before December 15th of each year. Immediately thereafter, McMurray went into possession of the land. On or about April 1, 1910, he caused the land to be surveyed. This survey showed that the tracts of land sold contained only 46.77 acres, instead of 60 acres. After discovering this fact, McMurray entered upon negotiations with the defendant James Cunningham for the purpose of securing a settlement, but the parties could not agree upon an adjustment. On October 12, 1910, McMurray made an assignment of the contract to J. T. S. Lyle. Thereafter, and on January 6, 1913, an action was instituted in the name of Lyle as plaintiff. After the issues were formed, the cause came on for trial on March 20, 1913. The defendant at this time objected to the introduction of any evidence because the complaint did not state a cause of action; the reason being that the assignment pleaded from McMurray to Lyle only transferred the contract and not the right of action, if any, that McMurray had on account of fraudulent representations in inducing the sale. The court sustained the objection to the introduction of testimony for the reason given.

The plaintiff thereupon asked leave to amend the complaint by adding McMurray's name as a party plaintiff, and setting out that the assignment to Lyle was as trustee only and carried no beneficial interest. To this the defendants

objected.   The court permitted the amendment, and contin-
ued the cause upon terms, until the 7th day of April, 1913.
At this time, the cause was tried upon the issues formed.
The plaintiffs claimed that the contract had been induced by
fraudulent representations, and sought to have the amount
of the purchase price abated in proportion to the deficiency
in the quantity of land.   In other words, that the contract
be reformed so that the plaintiff would be required to pay for
only 46.77 acres, the amount actually in the tracts pur-
chased, instead of for 60 acres, the amount represented.   The
defendants denied the charge of fraud, and claimed affirma-
tively that the contract had been forfeited owing to the fail-
ure of McMurray to meet certain interest and taxes pay-
ments as required by the contract.

The evidence shows that the northern boundary of the
tracts of land sold was the Puyallup river.   This river, fol-
lowing an irregular course, caused the northern boundary of
the land to be likewise irregular.   At the time of the pur-
chase, it was represented by both the defendant James Cun-
ningham and his agent that the tracts of land contained 60
acres.   While McMurray was looking over the land with a
view to purchasing it, in company with the agent and Cun-
ningham, the latter pointed out that the northeast corner
of the tract as shown by the government survey was about
in the center of the river at that point.   It was in fact about
600 feet north of this.   The river, since the making of the
government survey, had gradually changed its course, cut-
ting into the land which was the subject of the sale.   Cun-
ningham stated at this time that there had been cut away at
the northeast corner about half an acre, and that this was
compensated for by an acquisition of a like amount of land
at the northwest corner, by reason of the action of the river
at that point.   Owing to the irregularity of the northern
boundary of the land due to the winding course of the river,
McMurray was unable to estimate with accuracy the number
of acres in the tracts of land.

The court entered a judgment against the defendants in the sum of $2,150.56, and directed that this amount be credited upon the balance of the purchase price. It was also adjudged that the plaintiffs pay to the defendants the interest due on the deferred payments, and certain taxes. From this judgment, the defendants have appealed.

It is first argued that the court erred in permitting the amended complaint to be filed. It must be remembered that McMurray was the real party in interest. He had the right in some form of action to have his claim of fraud litigated. Even if, technically, the ruling was erroneous, it was not prejudicial. The cause was continued upon terms, and the defendants were given full opportunity to meet the situation presented by the amended complaint. The cause was fairly tried upon the issues. To at this time hold that allowing the amendment was reversible error, would be to elevate form at the expense of substantial justice.

Upon the merits, the principal issue presented is, whether there were fraudulent representations inducing the contract. As appears from the facts stated, there was a misrepresentation as to the location of the northeast corner. Had the location of this corner been in approximately the center of the river, as represented, there would have been no material deficiency in the acreage. The law is that, where the owner of property undertakes to point out to a prospective purchaser its boundaries or corners, he must do so accurately, and the failure to so do constitutes a fraudulent representation. *Hanson v. Tompkins*, 2 Wash. 508, 27 Pac. 73; *Sears v. Stinson*, 3 Wash. 615, 29 Pac. 205; *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559, 107 Am. St. 880; *Freeman v. Gloyd*, 43 Wash. 607, 86 Pac. 1051; *West v. Carter*, 54 Wash. 236, 103 Pac. 21; *Bradford v. Adams*, 73 Wash. 17, 131 Pac. 449. In the case last cited it was said:

"From numerous decisions of this court, it has become the settled doctrine that the vendor, when he undertakes to point out lands or boundaries to a purchaser, must do so correctly.

He has no right to make a mistake except under penalty of having the contract rescinded or responding in damages."

McMurray, therefore, was entitled to the relief claimed, either in the form of an abatement of the purchase price to correspond to the deficiency in the acreage, or a judgment for damages.

Since the misrepresentation as to the location of the northeast corner establishes fraud, it is unnecessary to consider whether the misrepresentation as to the number of acres would also be fraudulent, in view of the fact that the northern boundary was irregular and rendered it impossible for the purchaser to accurately estimate the number of acres without causing the land to be surveyed. Upon this question, no opinion is expressed.

Some claim is made that McMurray was guilty of laches; and, also, that, by permitting the taxes and interest to become delinquent, his rights were forfeited by notice to that effect given after the suit was instituted. Neither of these claims are well founded. After McMurray had caused the land to be surveyed and had thereby discovered the fraud that had been practiced upon him, he entered upon negotiations with the appellant James Cunningham for an adjustment of the matter. These negotiations continued over a considerable period of time. We think the court did not err in resolving these questions against the appellants.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.