[No. 14511. Department One. April 26, 1918.]

# P. G. MALTBIE et al., Respondents, v. JOEL P. GADD et al., Appellants.[1]

PLEADING—ANSWER—MOTION TO STRIKE—DEMURRER. A motion to strike an amended answer because similar to the original may be treated as a demurrer and sustained.

SALES—BREACH OF WARRANTY—WAIVER. A warranty that a pump will pump a certain quantity of water is waived where it was breached at the inception of the contract, and the greater part of the purchase price was paid thereafter, and the obligation to pay the balance was renewed four years later.

PLEADING—TRIAL AMENDMENT. Where defendants did not take advantage of leave to amend an affirmative answer, after a demurrer thereto was sustained, but went to trial on denials, it is not error to refuse leave to make a trial amendment or accept an offer of proof thereunder.

SALES—BREACH OF WARRANTY—DEFENSE — RETURN OF PROPERTY. Where the buyer had waived breach of warranty of a pump, a tender of its return is no defense to an action for the balance of the purchase price.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered June 12, 1917, upon findings in favor of the plaintiffs, in an action on a promissory note, tried to the court. Affirmed.

*W. E. Southard,* for appellants.

*C. J. Lambert,* for respondents.

FULLERTON, J.—In June, 1909, the respondents sold and delivered to the appellants a pumping outfit consisting of a gas engine, a pump with its appurtenances, and certain piping. The price agreed upon was $725. Of this sum $10 was paid in cash, and for the balance a promissory note was given secured by a

[1]Reported in 172 Pac. 557.

mortgage upon real property. Between the date of the sale and October 15, 1913, the appellants paid on the note $616, and on that date gave a new note for the remainder due in the sum of $336.60, securing it by a mortgage upon the same property.

In 1916, the note not having been paid, the respondents began the present action to recover thereon and foreclose the mortgage given to secure it. The complaint was in the usual form in such cases. The answer of the appellants, after certain denials, set up the facts of the sale, averring the giving of the original notes and the payments thereon, and the giving of the note sued upon. It then set up a warranty in the contract of sale and its breach by the respondents. To the affirmative matter of the answer, the respondents interposed a demurrer, which the trial court sustained. The appellants thereupon filed an amended answer, setting forth the matters contained in the first in somewhat different language, but in substance the same. The defendants moved to strike the amended answer on the ground that it was not different in effect from the original answer to which the demurrer was sustained. The trial court refused to entertain the motion in the form as made, but announced to counsel that he would treat it as a demurrer and hear it as such. Later on it was so heard and sustained as to the affirmative matter therein set forth. Leave was granted the appellants to amend if they so desired, but no amended answer was filed, and the cause was brought on for hearing on the complaint and the denials in the answer. At this hearing the appellants asked leave to amend a certain paragraph of the affirmative defense by adding a clause thereto. This leave was denied, when the cause proceeded to trial on the issues as then framed. After the respondents had rested, the appel-

lants offered evidence to sustain the affirmative matters set out in the amended answer, to which the trial court sustained an objection. The appellants then made an offer of proof and rested, whereupon judgment was entered for the respondents in accordance with the prayer of their complaint. This appeal followed.

Errors are assigned on the rulings of the court: (1) In treating the respondents' motion to the affirmative matter in the answer as a demurrer and sustaining it; (2) in refusing to allow the amendment offered to the affirmative answer at the trial; (3) in rejecting the appellants' evidence in accordance with its offer of proof; (4) in entering judgment for the respondents.

Noticing the assignments in the order stated, it was not error on the part of the court to treat the motion as a demurrer to the answer and hear it as such. This was purely a question of practice, so far within the discretion of the trial court that it may be questioned whether it is subject to review in any case, but certainly not unless for manifest abuse, nothing of which is shown here. As a demurrer it was rightly sustained. The breach of warranty alleged was the failure to properly install the pump in the well of the appellants, so that it would pump the quantity of water named in the warranty or comply in other particulars with its terms. But the warranty was breached at the inception of the contract and was waived by the subsequent conduct of the appellants. They not only paid the greater part of the purchase price thereafter, but more than four years later renewed their obligation to pay the remainder of the price. Seemingly, if a waiver of a breach of warranty could ever be made, there was a waiver in this instance. Their knowledge of the breach was as complete when they gave the second note as it

was at any time afterwards, and the giving of the note alone with that knowledge would constitute a waiver of the breach. *Means v. Subers Sons,* 115 Ga. 371, 41 S. E. 633.

The only case from our own court called to our attention which approaches this one in its facts is *Huntington v. Lombard,* 22 Wash. 202, 60 Pac. 414. But in that case the note sued upon was given prior to the time the pump sold could be tested, and the defense of breach of warranty was set up when the purchase price note was sought to be enforced. Here there was not only a substantial payment on the original note, but a renewal note given after the breach occurred. The difference is material.

The refusal to allow the trial amendment was not error. At that time the appellants had no affirmative answer in the record to which the proffered amendment could be applicable. Leave had been granted them to file such an amended answer, but they had not taken advantage of the offer; on the contrary, they had gone to trial on the issues made by the allegations of the complaint and their denials thereto. But more than this, the amendment offered added nothing to the allegations of the answer, treating it as in the record. It was simply a tender of the return of the property. This was not necessary to enable them to recoup for the breach of warranty. If their plea had been timely made, it would have been as potent as a set-off without such a tender as with it.

Nor was there error in rejecting the offer of proof. It was but a restatement of the facts set forth in the answers to which the demurrers had been sustained. Waiving the objection that it was so far affirmative matter as not to be admissible without a plea, it contained nothing material not set forth in the answers

filed. For the reason that the answers failed to constitute a defense, it likewise failed.

The judgment was in accord with the record and is not objectionable.

The judgment will stand affirmed.

ELLIS, C. J., WEBSTER, MAIN, and PARKER, JJ., concur.