[No. 16264.    Department One.    March 26, 1921.]

W. L. WEATHERRED, *Respondent*, v. MIKE D. HIRAI
et al., *Appellants*.[1]

SALES (27)—CONSTRUCTION—SEVERABLE CONTRACT. A written contract of sale of five cars of potatoes at one price and two cars of onions at another price is a severable contract with respect to the potatoes and the onions, and a breach by purchaser of his agreement to have funds in bank to pay for the shipment of potatoes would not absolve seller of his duty to ship the onions, where the money to cover purchase price was in bank payable on presentation of bills of lading.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered June 7, 1920, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Hal. H. Cole*, for appellants.

*Chas. F. Bolin*, for respondent.

PARKER, C. J.—The plaintiff, Weatherred, commenced this action in the superior court for Yakima county, seeking recovery from the defendants Hirai and wife of damages for their alleged breach of a contract for a sale by them to him of five cars of potatoes and two cars of onions, claiming damages measurable by the difference between the contract price and the en-

[1]Reported in 196 Pac. 572.

hanced market price at the time of agreed delivery. A trial upon the merits before the court sitting without a jury resulted in findings and judgment awarding to the plaintiff recovery of damages resulting to him from the defendants' failure to deliver the onions, and denying to him recovery because of their failure to deliver four cars of the potatoes. From this disposition of the cause by the superior court, the defendants have appealed to this court.

We do not have any statement of facts in the record brought here from the superior court; so the controlling facts are as found by the trial court, and may be summarized as follows: On October 18, 1919, a contract was entered into between the parties, the written portion of which contract reads in part as follows:

"I have sold to William L. Weatherred, five cars No. 1 Netted Gem potatoes at $35 per ton f. o. b. Toppenish, and two cars No. 1 Yellow Denver onions at $53 per ton f. o. b. Toppenish, immediate delivery."

It was at the same time orally agreed that, upon the cars being loaded at Toppenish and bills of lading issued for their shipment as directed by respondent, he was to have on deposit in the Traders Bank of Toppenish sufficient money to pay for the shipments and that the shipments were to be paid for by the bank for respondent on presentation of bills of lading therefor. On October 21st, appellants loaded and shipped to respondent one car of potatoes, which was paid for by the bank upon presentation of the bill of lading therefor. Between October 21st and 23rd, appellants had loaded four more cars of potatoes ready for shipment to respondent, and upon repeated inquiry at the bank up to the time of closing of banking hours on October 23rd, they were advised by its officers that there was no money in its hands to pay for such shipments. Thereupon appellants sold the four cars of potatoes

to other buyers and thereafter refused to further perform the contract, both as to the potatoes and onions.

In the afternoon of October 23rd, after the closing of banking hours and after appellants' last inquiry made of its officers, the bank received a telegram from respondent resulting in his securing a credit therein of sufficient funds to pay for all of the potatoes and onions covered by the contract. The bank notified appellants of this fact the next morning, October 24th. Appellants refused to furnish any more potatoes and also refused to furnish any onions under the terms of the contract, claiming that respondent's breach of the contract in failing to have funds in the bank on October 23rd for payment of all the potatoes and onions contracted for, absolved them from all further liability under the contract. The denial of recovery of any damages for failure of appellants to furnish four cars of the potatoes is of no concern to us here; since respondent has not appealed from the judgment of the trial court insofar as it denied him recovery therefor. Appellants did not have any onions loaded or ready for shipment prior to October 24th, when they were notified by the bank of the fact that it had money of respondent to pay for all potatoes and onions contracted for. Appellants have refused, at all times on and after October 24th, to furnish any onions under the contract. The trial court found that, on October 24th, when appellants should have furnished and shipped the onions—there being funds in the bank to pay therefor—the market value of onions was materially higher than that of the contract price, and measured respondent's recovery of damages for breach of the contract on account of the failure of appellants to ship the onions, accordingly.

It is somewhat difficult for us to feel sure of the real contentions here made by counsel for appellants; but

we understand them to be that the contract between the parties for the sale of the potatoes and onions was not severable, and that the breach of the contract on the part of respondent, in that he did not have sufficient funds in the bank to pay for all of the potatoes and onions on October 23rd, was in law a breach of the entire contract and absolved appellants from all obligations to furnish the onions as well as the potatoes. The argument seems to be that the trial court erred in not so viewing the contract. While this was in form one contract, we think it was severable in view of the fact that the contract prices of the potatoes and onions were separately stated and the contract also manifestly contemplated their separate shipment. In 23 R. C. L. 1341, the rule of severability of sale contracts is well and tersely stated as follows: ''Where several articles are sold, separate prices being agreed upon for each, the contract will usually be considered severable and not entire, . . .'' See, also, 6 R. C. L. 858. This is the view of the law expressed by this court in *Buckeye Buggy Co. v. Montana Stables*, 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032. We are quite convinced that this contract was severable, and that the mere breach of it with reference to the potatoes did not absolve appellants from the obligation to furnish and ship the onions, respondent having, as agreed, timely furnished funds available to pay for the onions.

The judgment is affirmed.

FULLERTON, HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.