[No. 17137. *En Banc.* December 27, 1922.]

## B. H. GREENWOOD, *Respondent,* v. INTERNATIONAL HARVESTER COMPANY, *Appellant.*[1]

SALES (162)—REMEDIES OF BUYER—ACTION FOR PRICE—COMPLAINT. A complaint for a rescission, and also seeking to recover purchase money, is not demurrable, where liberally construed it seems to be for a rescission.

SAME (111)—WARRANTY—BREACH. An executed contract for the purchase of a machine may be rescinded for breach of warranty, where the contract of sale expressly so provides.

SALES (164)—EVIDENCE (149, 154)—ACTIONS FOR BREACH OF WARRANTY—ADMISSIBILITY. In an action for fraud and breach of warranty of a harvesting-threshing machine, evidence is admissible that the agents orally represented that the machine was specially fitted for harvesting the particular crop on the buyer's land, and to show the purpose for which it was designed, what were ordinary and average conditions, and what it was contemplated it should do thereunder; notwithstanding a clause in the contract that no warranty is given for any particular purpose except for good and serviceable work under ordinary and average conditions, the written contract not being explicit upon that subject.

[1]Reported in 211 Pac. 727.

SALES (27)—CONSTRUCTION—ENTIRE OR SEVERABLE CONTRACTS. A contract for the purchase of a harvesting-threshing machine, consisting of a harvester-thresher and a traction engine, is a divisible one, where it names a separate price for the engine and provides that it shall be divisible as to each machine or attachment for which a separate price is named.

SAME (164-1)—ACTION FOR BREACH OF WARRANTY—EVIDENCE—SUFFICIENCY. In an action for breach of warranty, evidence that a traction engine represented as capable of producing 15 h.p. produced only 12 h.p. is sufficient to make a question for the jury.

SAME (117)—WARRANTY—WAIVER OF BREACH. The payment of the full price for a harvesting-threshing machine, after a few weeks trial, does not prevent a rescission for breach of warranty, where the payment was on the express condition that, if the machines did not work properly after attempts to repair them, they could be returned, which was done.

APPEAL (460)—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Slightly inconsistent or misleading instructions will not be ground for reversal where the right to a verdict is so plain as to be almost a matter of law.

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered November 2, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for rescission of a contract of sale, after a trial on the merits. Affirmed.

*Barrows & Hanna*, for appellant.

*G. W. Sommer*, for respondent.

MACKINTOSH, J.—The respondent purchased from the agents of the appellant a combined harvester-thresher and a four-cylinder 15 h. p. engine, on a written contract which warranted the machines to be well made and of good material, and that they would do good and serviceable work. After operating the machinery for a few weeks, the respondent paid for them, and they not proving satisfactory, representatives and experts of the appellant also failing to place them in good and serviceable condition, the respondent re-

turned the machines and began this action to recover the purchase price thereof. The verdict of the jury resulted in his favor, and this appeal has been taken.

The first error assigned is that the demurrer should have been sustained to the complaint in the action for the reason that it is predicated upon two theories, one being the theory of rescission, seeking to recover the purchase money, and the other the theory of its being an action for damages by breach of warranty.

Although the complaint is somewhat ambiguous in this regard, still, when somewhat liberally construed, the cause of action alleged seems to be one for rescission. The appellant raises the question whether an executed contract of sale, in the absence of fraud, can be rescinded, or whether the purchaser is relegated solely to a suit in damages for breach of warranty. In *Klock v. Newbury,* 63 Wash. 153, 114 Pac. 1032, this court took cognizance of the fact that there is a conflict of authority upon this question, but adopted the rule that, in an executed contract, fraud in making the sale on the part of the seller was not necessary to be shown before the sale can be rescinded on account of a breach of warranty; but later this court, in *Sevier v. Hopkins,* 101 Wash. 404, 172 Pac. 550, quoted from authorities holding to the contrary; and in cases involving executed contracts for the sale of real property, the court seems to be committed to the doctrine that, in the absence of fraud, there can be no rescission. *French v. C. D. & E. Investment Co.,* 114 Wash. 416, 195 Pac. 521. But this apparent disharmony need not annoy us now, for the contract before us itself provides that a rescission may be made by the purchaser if the warranties are breached, and clearly the action is maintainable under the very terms of the contract, irrespective of any question of fraud.

The next error assigned is that, there being an express written warranty provision in the contract, no agent of the company had authority to alter or add thereto, and also an agreement that there were no oral or implied warranties, it was error for the court to admit evidence introduced by the respondent establishing that the agents of the appellant had represented to the respondent that the machines in question were specially fitted for harvesting the particular crop grown by him upon his land; in view of the provision that

"no warranty is given on any machine of serviceability for particular purposes or persons, and it is understood that the above warranty of good and serviceable work refers to use for general farm purposes or other purposes for which the machine may be designed under ordinary and average conditions."

It was error, it is argued, to permit the introduction of evidence tending to extend or vary this warranty. It was permissible, however, to show the purposes for which the machines were designed, the written contract not being explicit upon that subject, and to show by oral evidence what ordinary and average conditions were and what it was contemplated the machinery should be capable of doing under such circumstances.

The next assignment of error is that the proof submitted was insufficient to warrant the jury in returning a verdict upon the first or second causes of action. The first cause of action involves the harvester-thresher and the second involves the engine. It is the respondent's contention that the harvester-thresher and the engine constituted but one machine, and that the failure of either one to perform the work according to the warranty would give a right to the respondent to

rescind as to both machines and recover the amount of his purchase price. In the case of *Case Threshing Machine Co. v. Scott*, 96 Wash. 566, 165 Pac. 485, this court said:

"The true test seems to be that the different parts are separate and divisible if the part that does fulfill the warranty is useless without the part that fails to do so."

This language is manifestly incorrect, and shows that the word "not" should have preceded "separate," so that the rule should read:

"The true test seems to be that the different parts are not separate and divisible if the part that does fulfill the warranty is useless without the part that fails to do so."

But in the case before us, the question of divisibility has been taken care of in the contract itself, for it is there provided that: "this order shall be divisible as to each machine and attachment, for which a separate price is named, and the failure of any article to fulfill the warranty shall not affect the liability of the purchaser for any other article ordered." The order provided separate prices for the harvester-thresher and for the engine, and furthermore the divisibility of the contract is recognized by the respondent himself as witnessed by his stating a separate cause of action for each machine. So, if there were no evidence in the case to show the failure of the engine to meet the requirements of the warranty, the appellant's motion as to that cause of action should have been sustained. However, there is some evidence showing that the engine, instead of being 15 h.p., produced only 12 h.p. and this was sufficient to take that cause of action to the jury. The motions, therefore, were properly denied.

It is next claimed by the appellant that the respondent was not entitled to recover upon either cause of action for the reason that he received both the machines and took them to his ranch and used them for several weeks; experienced trouble in their operation; and after attempts to remove that trouble failed, he yet, with full knowledge of this condition, paid the full purchase price, and the case of *Maltbie v. Gadd,* 101 Wash. 483, 172 Pac. 557, is cited as supporting the contention that all these acts constituted a waiver by the respondent of his right to recover damages. The evidence, however, in this case shows that the payments were made upon the express understanding that, if the machines did not properly work after attempts to repair them were made by the experts and representatives of the appellant, the money would be returned. After the notes had been paid by the respondent, the machines were tried for a few weeks longer, and the respondent then became convinced they could not be made to comply with the warranty, and he then returned them. The case of *Maltbie v. Gadd, supra,* would hardly warrant the holding here that the action of the respondent in making payment had waived the breach of the warranty.

Objection is made to certain instructions which allowed the jury to determine whether the engine and harvester-thresher were one machine or separate machines. In view of the provisions of the contract itself, the jury should only have been instructed upon each machine separately, but the instructions were, in our opinion, not so erroneous as to be prejudicial.

Error is also predicated upon the giving of two instructions, one of which seemed to consider the case as one for damages by breach of warranty, and the other which is based upon the theory that the action

was one for rescission and recovery of the purchase price. While these instructions may be somewhat inconsistent, still, they are hardly misleading; for, as a matter of fact, the right of the respondent to a verdict is so plain that he is entitled to it almost as a matter of law.

For the reasons assigned, the judgment is affirmed.

PARKER, C. J., BRIDGES, FULLERTON, HOLCOMB, TOLMAN, MITCHELL, and PEMBERTON, JJ., concur.