[No. 17679.    Department One.    May 10, 1923.]

D. W. DIETERICH *et al., Respondents,* v. D. E. RICE,
*Appellant.*[1]

VENDOR AND PURCHASER (60)—RESCISSION BY PURCHASER—RIGHT
TO RESCIND—FRAUD. The purchaser of farm land may rescind the
sale for fraudulent representations that the land was fertile, til-
lable, agriculture land, with extra good crop-producing soil, and
that the district was free from frost which would destroy crops.

SAME (64, 69)—RESCISSION BY PURCHASER—LACHES—WAIVER OF
RIGHT. The retention of farm land during two farming seasons, is
not such laches as to prevent a rescission for fraudulent representa-
tions as to the fertility of the soil and freedom of the district from
destructive frosts, where the purchaser requested rescission and de-
manded a return of the purchase money shortly after the sale.

SAME (75)—RESCISSION BY PURCHASER—RENTS AND PROFITS. Up-
on a rescission of the sale of farm land which the purchaser had
the use of for two years, it cannot be complained that plaintiff did
not offer to do equity by paying for the crops, where the court found
and applied the rental value upon the amount of the purchase price
to be returned.

Appeal from a judgment of the superior court for
Pend Oreille county, Carey, J., entered June 10, 1922,
upon findings in favor of the plaintiff, in an action for
rescission, tried to the court.    Affirmed.

*Davis, Heil & Davis,* for appellant.

*Neil C. Bardsley* and *Charles H. Leavy,* for respond-
ents.

PER CURIAM.—In October, 1919, respondent, in the
present appeal, brought an action to annul and rescind
a contract entered into between these parties for the
purchase of a farm in Pend Oreille county, and to
recover the sum paid on the purchase price, based on

[1]Reported in 215 Pac. 65.

fraud and deceit. A clause for the protection of the vendor reciting inspection by the vendee, and stipulating that no oral representations or inducements, or changes in the contract, unless made in writing and signed, whether previously or subsequently made, would be binding on either party, being a part of the written contract, the lower court sustained a demurrer to the complaint. Plaintiffs refused to further plead and the action was dismissed. Plaintiffs appealed from the judgment of dismissal to this court, which reversed the judgment, holding that the representations of fraud and deceit averred in the complaint stated a good cause of action, notwithstanding the special provision above mentioned. The essential allegations of the complaint are set forth in the opinion on the former appeal, 115 Wash. 365, 197 Pac. 1, and need not be repeated here.

On remand, defendant (appellant here) answered, admitting the contract and specifically denying each and all of the alleged misrepresentations, and affirmatively pleading that respondents purchased the land after full inspection of their own, took and retained possession of the land during the farming seasons of 1919 and 1920, and that the reasonable rental value of the land was and is $3,500 a year; that respondents failed to perform any of the provisions of the contract except to pay the $6,000 cash payment required by the contract; that, by reason of such failure on the part of respondents, appellant declared a forfeiture of the contract and gave notice to respondents to vacate; that, upon refusal by respondents to vacate, appellant brought action for possession, in which an order was granted restoring possession to appellant.

On the trial of this action, the lower court, trying the cause without a jury, sustained respondents' allega-

tions as to fraudulent representations in three respects only:

(1) That the land was fertile, tillable, agricultural land;

(2) that the land was extra good, crop-producing soil;

(3) that the district in which the property is situated was free from frost which would destroy crops; and refused to find for respondents upon any of the other allegations of fraud. The rental value of the premises was found to be $500 a year. Judgment was granted by the trial court upon such findings, against appellant for $5,000 of the amount paid by respondents of the purchase price, with legal interest from April 5, 1919. A new trial was denied.

In urging a reversal, most of the contentions made by appellant are based upon the insufficiency of the evidence to sustain the court's findings against him, upon the conclusions of law made by the court in favor of respondents, and in refusing to make conclusions of law in favor of appellant.

While there is a sharp conflict in the evidence, an examination of the record shows that there is ample support for the findings in favor of respondents upon the three grounds of fraud found by the court. That being so, the conclusions of law and judgment in favor of respondents necessarily flow therefrom under our former decision cited.

That such deceit is actionable and the basis for damages has been many times decided by this court, in addition to the decision on the former appeal between these parties. Some of the former decisions to that effect were collated in recent decisions: *Yarnell v. Knickerbocker Co.,* 120 Wash. 205, 206 Pac. 936; *Kal-*

*mans v. Powles,* 121 Wash. 203, 209 Pac. 5; *MacKay v. Peterson,* 122 Wash. 550, 211 Pac. 716.

Nor were respondents guilty of laches by such delay and circumstances as were shown here: *Lyle v. Cunningham,* 79 Wash. 420, 140 Pac. 330; *Sanford v. Royal Ins. Co.,* 11 Wash. 653, 40 Pac. 609; *Mulholland v. Washington Match Co.,* 35 Wash. 315, 77 Pac. 497; 6 R. C. L. 935; 13 C. J. 617.

Neither was there waiver on the part of respondents by retaining possession of the premises, since it was shown that they requested rescission, offered possession and demanded the return of their money, shortly after the sale was consummated. 27 R. C. L. 654.

As to the question of offering to do equity and coming into court with clean hands by accounting for the crops, appellant was made whole by the deduction of the rental value of the premises, found by the court to have been $500 a year, from the sum paid by respondents upon the purchase price, and appellant cannot complain.

We see no valid reason for reversing the judgment, and it is therefor affirmed.