[No. 18242.   Department Two.   November 21, 1923.]

# L. B. DA PONTE, *Respondent,* v. N. V. SIMONIAN, *Appellant.*[1]

JURY (4)—RIGHT TO JURY TRIAL—LEGAL OR EQUITABLE ACTIONS—RESCISSION FOR FRAUD. An action by the buyer of rugs, to rescind for fraud, the complaint alleging fraud, that the rugs were of little value and tender of the rugs, is of equitable cognizance and there is no right to a jury trial.

SALES (53)—RESCISSION BY PURCHASER FOR FRAUD—EVIDENCE—SUFFICIENCY. The evidence sustains allegations of fraud in the sale of rugs, represented by the dealer, an expert, to be new and of good quality, where they were second-hand, of inferior quality and practically worthless for the purpose intended.

SALES (60)—RESCISSION BY PURCHASER FOR FRAUD—LACHES. There is no unreasonable delay in the rescission of a sale of rugs, represented as durable for a generation, where, on being subjected to ordinary family use, and upon the first appearance to cause an ordinarily prudent person to suspect the fraud, experts were called in and the fraud discovered, and rescission promptly tendered.

SALES (61)—RESCISSION BY PURCHASER—PARTIAL RESCISSION. Upon the sale of several rugs each at a stated individual price, the purchaser, on discovering fraud as to some of them, may rescind as to such part, without rescinding the entire transaction; notwithstanding his payment was not all made in cash, there being no question but that the value given was the equivalent of cash.

INTEREST (20, 23)—TIME FROM WHICH INTEREST RUNS—DEMAND. Upon a rescission of a sale of rugs for fraud, the buyer is not entitled to interest from the date of the sale, where he used the rugs; and in the absence of proof of the value of such use, he is entitled to interest only from the date of his demand and tender.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 13, 1923, upon findings in favor of the plaintiff, in an action for rescission, tried to the court. Modified as to interest.

*Burkey, O'Brien & Burkey,* for appellant.

*Ellis, Fletcher & Evans* and *L. B. da Ponte,* for respondent.

[1]Reported in 220 Pac. 799; 222 Pac. 901.

MITCHELL, J.—Appellant, N. V. Simonian, was a dealer in Oriental rugs. Respondent, L. B. da Ponte, purchased of him six rugs, a separate value being fixed and agreed upon as to each one. None of them was sold as a second-hand rug. Respondent paid $468 for five of them by trading in five used rugs at the agreed aggregate value of $200 and paying the balance of $268 in cash. The sixth rug, price $750, was paid for in cash. Later, the respondent discovering that one of the rugs for which he paid $110 and the one for which he paid $750 were second-hand rugs at the time he purchased them, and of greatly inferior quality, notified appellant of the discovery, tendered the articles back, and demanded a return of the purchase prices. The demand was rejected, and thereupon this action in rescission was brought. There was judgment for the plaintiff, from which the defendant has appealed.

The first assignment of error is that appellant's demand for a jury trial was improperly denied. The complaint set up the fraud practiced by the appellant and, among other things, alleged that the rugs were, at the time of the purchase, of little or no value. Under such circumstances, the respondent had the right to rescind, as he did, and such an action is of equitable cognizance; or he had the right to affirm the contract, keep the goods and sue in an action at law for his damages.

It is claimed the evidence does not sustain the allegations of fraud. No findings were made by the trial court. The evidence has been examined and, while it is conflicting, it clearly supports, by a preponderance thereof, the conclusion that there was actionable positive fraud. The larger rug at the time of the sale was second-hand, of inferior quality and practically worthless for the purpose intended, instead of being new and

of good quality, as the purchaser had a right to believe it was. The other one, instead of being new as was supposed by the purchaser, was patchwork, being composed of a number of pieces of carpets that had already been used. The seller was both a dealer and an expert in his line, and was relied on by the purchaser, who had but little knowledge of such things.

Nor can we approve the assignment that there was unreasonable delay in demanding rescission. Respondent relied on the representation that the larger rug would last for a generation or more. It was subjected to ordinary family use. Upon the first appearance to cause an ordinarily prudent person, under the circumstances, to suspect it had not been as represented, the respondent promptly called in experts by whom the fraud as to both rugs was satisfactorily established and discovered, whereupon he promptly tendered them back and demanded a return of the purchase prices. This was within time under the rule in such cases.

It is contended that rescission must be of the entire transaction. Generally speaking, such is the rule. Here, however, as we have seen, the purchase of the larger rug was an independent transaction. Each of the rugs sold in the other transaction was given, by agreement of the parties, an individual separate price. In this respect, the case is controlled by the rule stated in *Buckeye Buggy Co. v. Montana Stables*, 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032, as follows:

"We believe it to be a rule, that if several articles are sold for a single and entire consideration, without any apportionment of the purchase price as between the several articles, the contract of sale is entire and cannot be severed, except by agreement of the parties. On the other hand, if several articles are sold, and a separate price is agreed upon for each, although a single instrument of conveyance may be executed re-

citing a single consideration for the whole, yet, for sufficient cause shown, the contract may be rescinded as to a part and enforced as to the remainder.''

As to the other feature of this transaction by which appellant took the used rugs of the respondent in part payment, the evidence is clear that the agreed and entire value of them was $200, and there is no pleading or proof whatever that the respondent misrepresented the quality or condition of those rugs or overreached appellant in fixing the price agreed to by both parties. It was a case of payment equivalent to cash and in no sense interferes with the right of respondent to rescind for the fraud practiced upon him.

Lastly it is claimed that the court erred in allowing interest from the date of the sale. This assignment we think is well taken. Respondent relies on the case of *Dieterich v. Rice,* 124 Wash. 613, 215 Pac. 65. In that case, however, the purchaser who was allowed to rescind and awarded interest from the date of payment was compelled to pay for the use of the property which had been in his possession, upon issues presented to litigate the reasonable value of the use. Here no such issue was presented. But it appearing that the respondent did use the property, though shown at all times to be of little value only, there was no proof of the value of the use of it, and he is entitled under these circumstances to interest only from the date he tendered the goods back and demanded a return of the purchase prices.

The cause is remanded to the superior court with directions to modify the judgment upon the subject of interest as hereinbefore mentioned. Neither party will recover costs of the appeal.

MAIN, C. J., BRIDGES, FULLERTON, and PEMBERTON, JJ., concur.

ON REHEARING.

[*En Banc.* February 15, 1924.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adhere to the Departmental opinion heretofore filed herein. The cause is therefore remanded to the superior court in accordance with the Departmental opinion.