[No. 28718.    Department Two.    October 30, 1942.]

D. J. DARST, *Respondent,* v. JOHN F. MEDUNA *et al.,* *Appellants.*[1]

[1]Reported in 130 P. (2d) 361.

*Rummens & Griffin,* for appellants.

*Elliott & Kells,* for respondent.

BLAKE, J.—As assignee of Metal Bonding, Inc., plaintiff brought this action to recover the balance due under a conditional sales contract between his assignor and defendant John F. Meduna. The defendants set up an affirmative defense of fraud, alleging damages on that account in excess of the balance due on the contract. The court specifically found that there was no fraud perpetrated by plaintiff's assignor. It found that the defendants were in default for payments due under the contract in the amount of $467.84, and entered judgment accordingly. Defendants appeal.

We shall not discuss the evidence with respect to the issue of fraud. Suffice it to say that we are in complete accord with the court's finding on that issue.

The subject matter of the contract is specifically described as follows:

"1 Gardner Denver Air Compressor, with starter, tank and motor. 1 Gisholt-turret lathe. 1 Harris oxygen gauge with connections. 2 Metal spray guns with hose, couplings and fittings."

The contract was executed March 4, 1940. The vendee took immediate possession of the personal property and has retained it ever since. The contract provides:

"The purchase price of said property, exclusive of interest, is the sum of One thousand eight hundred Dollars ($1,800.00), which shall be paid as follows, with interest on unpaid balances at the rate of five per cent. (5%) per annum beginning April 1, 1940:

"One hundred Dollars ($100.00) per month, plus interest, for eight (8) months beginning April 1, 1940, and ending November 1, 1940.

"The remaining One thousand Dollars ($1,000.00) shall be paid by the Vendee's paying to Vendor ten

per cent. (10%) of the gross income of the metal bonding business carried on by the Vendee, but in no event are said payments to be less than the sum of Twenty-five Dollars ($25.00) per month plus interest:   . . ."

It is also provided that, upon full payment of the purchase price, the name "Metal Bonding, Inc.," shall become the property of the vendee; that, during the life of the contract, the vendor will cooperate in every reasonable way with the vendee—supplying "customer files and records," and referring to the vendee "all phone calls and other inquiries regarding the metal bonding business, and [the vendor] will encourage its customers to contact the Vendee for all metal bonding work"; that the vendor shall not engage in the metal bonding business in any of the Pacific coast states "from this date henceforth."

Appellants assign error in that the court required them to perform the contract "irrespective of the fact that the Vendor was insolvent and made an assignment for the benefit of creditors following execution of the contract and could not itself perform." The argument in support of this assignment is that the vendor, by going out of business, disconnecting its telephone, and discontinuing the use of the name "Metal Bonding, Inc.," placed itself in a position where it could not "cooperate in every reasonable way"; could not "transfer . . . the business and customers"; could not "refer to Vendee phone calls and other inquiries"; and could not "encourage its customers to contact" the vendee for "all metal bonding work."

It is urged that all this amounted to a breach of warranty under Rem. Rev. Stat., § 5836-69 [P. C. § 6227-69]. In the absence of supporting authority, we are not impressed by the contention. In any event, by the very terms of the contract, the vendor was bound

"to refrain from engaging in the metal bonding business . . . from this date henceforth." And, further than that, we think that, under the evidence, the vendor did "cooperate in every reasonable way" to "transfer . . . the business and customers" to the vendee.

■ Appellants assign error upon the court's refusal to permit them to prove that the "agreed value of the equipment . . . was the sum of $800.00, . . . and that the remaining balance of the entire consideration of $1,800.00, to-wit, $1,000.00, was for the good will and use of the name of Metal Bonding, Inc., . . ." It is, of course, well settled that, when the subject of a contract of sale consists of several different articles, and there is an apportionment of the purchase price to each, the contract is severable. *Weatherred v. Hirai*, 115 Wash. 142, 196 Pac. 572; *Greenwood v. International Harvester Co.*, 122 Wash. 603, 211 Pac. 727; *da Ponte v. Simonian*, 127 Wash. 214, 220 Pac. 799, 222 Pac. 901. But when two or more articles are sold together for a gross sum, or the purchase price is not apportioned to the different articles, the contract is entire. *Banks v. Crow*, 3 Ore. 477; *Taplin & Rowell v. Clark*, 89 Vt. 226, 95 Atl. 491; *Washington A. & G. Steam Packet Co. v. Sickles*, 10 How. (51 U. S.) 419, 13 L. Ed. 479. In the last case cited, the court said, p. 440:

" 'Unless there be some express stipulation to the contrary, whenever an entire sum is to be paid for the entire work, the performance or service is a condition precedent; being one consideration and one debt, it cannot be divided.' "

The contract in the instant case clearly falls within the rule stated. The court did not err in rejecting the offer of proof.

■ The contract, as drawn by the scrivener, contained seven paragraphs. Upon execution of the con-

tract, the parties crossed out paragraphs six and seven. Appellants offered to prove why these paragraphs were eliminated. The court rejected the offer, upon which ruling appellants assign error.

Had the instrument been rewritten omitting paragraphs six and seven, the evidence offered would clearly have been inadmissible under the parol evidence rule. We think it equally clear that the paragraphs, having been crossed out by agreement of the parties, were no more a part of the contract than they would have been had the instrument been rewritten omitting them.

Judgment affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and DRIVER, JJ., concur.

[1]Reported in 130 P. (2d) 355.